CADY and wife *vs.* E. ALLEN and E. W. ALLEN.

Where a vendor, at the time of making a contract for the sale of land, agrees verbally to give the purchaser security for the payment of a judgment which is a lien upon the premises, but that stipulation is not inserted in the written agreement, and subsequently third persons, as sureties of the vendor, in fulfillment of the verbal undertaking, execute an instrument by which they agree to pay the judgment, such instrument will be held to be given upon a sufficient consideration; it being supported by the consideration of the principal agreement.

Where a complaint alleges that a judgment was recovered, and that it was a lien and incumbrance upon a lot, this will be considered as embracing the fact of the *docketing* of the judgment, and its legal effect.

Yet, if necessary, in such a case, the complaint may be amended on the trial, by the insertion of an allegation in due form of the docketing of the judgment; and the court will permit this to be done, upon appeal, as of the time when the complaint was prepared, without terms.

Where a vendor agrees to pay all claims against the lot sold, it is not necessary;

Cady *v.* Allen.

for the purchaser to prove that a judgment which is a lien upon the premises has been enforced, or that he has been evicted. The fact of non-payment of the judgment is all that is necessary in order to show a breach; and the rule of damages, upon a breach, is the amount of the judgment, with interest.

Where the evidence in regard to a matter set up by the defendant as a set-off is conflicting, and it appears, upon a fair construction of the report of the referee, that he has found against its existence, his decision on that question cannot be disturbed.

APPEAL, by the defendants, from a judgment entered upon the report of a referee. The complaint alleged that on the third day of February, 1849, at South Bristol, in the county of Ontario, the defendants made and executed and delivered to one John Van Buskirk a certain instrument in writing, bearing date on that day, in the words and figures following: "South Bristol, Feb. 3d, 1849. Mr. John Van Buskirk, Sir: We do agree, for value received, to pay all claims against the house and lot that you bought of E. E. Lewis, deeded to him by Milo Gallaway and wife, that was against it at the time of the transfer, the said lot lying and being in the village of Newark, Wayne county, N. Y., and we hereby acknowledge the receipt of a certain lot, this day deeded by you to Milo W. Chase, and a certain buggy wagon, upon the above purchase, as assignees of E. E. Lewis. ELI ALLEN,

ELI W. ALLEN."

That Ebenezer E. Lewis, the person mentioned in the said instrument, by deed bearing date the first day of December, 1848, for the consideration of eight hundred dollars, with covenant of warranty, conveyed to the said John Van Buskirk all that tract or parcel of land, situate, &c. [describing it] which parcel of land so conveyed was the lot mentioned and referred to in the said instrument in writing, and therein described as the house and lot bought of Lewis by Van Buskirk. That prior to the making of the said instrument in writing, and on the 4th day of July, 1848, one Daniel T. Young recovered a judgment in the supreme court, against the said Ebenezer E. Lewis and Erastus Shepard and James G. Reed, for the sum of sixty-three dollars and sixty-eight cents damages and costs, and that prior to the making of said instrument in writing, and on the seventh

day of August, 1848, Erastus Shephard and Silas K. Reed also recovered a judgment before D. Wentworth, a justice of the peace, against the said Ebenezer E. Lewis, for the sum of fifty-eight dollars and eighty-six cents damages and costs, both of which judgments were liens and incumbrances upon the said lot or parcel of land, at the time of the conveyance thereof as aforesaid, by the said Ebenezer E. Lewis to the said John Van Buskirk; and that the defendants have not paid the said two judgments, or either of them or any part thereof, although often requested to do so. And the plaintiff further alleged, that afterwards, and on the twenty-first day of July, 1849, the sheriff of the county of Wayne, by virtue of an execution upon the judgment first mentioned, to him directed and delivered, sold the said parcel of land pursuant to law, and the same was purchased at such sale by one William N. Cole, and that afterwards one George P. Metcalf, having acquired the right of the said William N. Cole, as such purchaser, the sheriff did by deed, bearing date on the eleventh day of June, 1852, convey the said parcel of land to the said George P. Metcalf, pursuant to the said sale, and to the statute in such case made and provided. And that the defendants, by means of the premises, became liable to pay to the said John Van Buskirk the sum of eight hundred dollars, with interest thereon from the first day of December, 1848. That the said John Van Buskirk, on the 8th day of July, 1852, by an instrument in writing duly subscribed by him, and for a good and valuable consideration, sold, assigned and transferred to the plaintiff the said instrument in writing, subscribed by the defendants and before set forth, whereby the plaintiff became entitled to demand and receive from the defendants the said sum of eight hundred dollars and interest. Wherefore the plaintiff prayed for judgment against the defendants for the said sum of eight hundred dollars, with interest thereon from the first day of December, 1848, besides costs.

The defendants, by their answer, denied the allegations in the complaint. They also alleged that the said Van Buskirk, on the first day of July, 1852, was and still is indebted to them for the services of the said E. E. Lewis, before then rendered

Cady *v.* Allén.

for the said Van Buskirk, and at his request, in the sum of one hundred dollars, and was and still is indebted to the defendants for goods, horses, wagons and other property sold to the said Van Buskirk by the said E. E. Lewis, and at his request, in the sum of two hundred dollars, which demands, before the said first of July, 1852, had been duly assigned by said Lewis to the defendants, and were and still are the property of the defendants. Also that the said John Van Buskirk was on the first of July, 1852, and still is indebted to the defendants in the sum of five hundred dollars for work ·and labor done, goods sold and delivered, and materials furnished the said Van Buskirk, and at his request. Which several sums, or so much thereof as might be necessary, the defendants claimed to set-off against the demands of the plaintiff, and they asked for judgment in their favor for costs.

The cause was tried before a referee, who found the following facts : On the 1st day of December, 1848, one Ebenezer E. Lewis, by deed, conveyed to John Van Buskirk a house and lot in Wayne county, for the expressed consideration of $800. The house and lot had previously been conveyed to Lewis by Milo Gallaway and wife ; Lewis' deed to Van Buskirk also contained a warranty against incumbrances. On the 4th of July, 1848, Daniel T. Young had recovered a judgment in the supreme court against Ebenezer E. Lewis, Erastus Shepard and James G. Reed for $51.10 damages, and $12.58 costs, upon a note made by Lewis and lent by him to Reed. This judgment was docketed in the office of the clerk òf Wayne county on the 13th of November, 1848, and was a lien on the above house and lot at the time of the above conveyance from Lewis to Van Buskirk. Upon this judgment execution was issued to the sheriff of the county of Wayne, with directions indorsed thereon to collect the same of Ebenezer E. Lewis alone. The sheriff, under that execution, sold the above house and lot for $10, on the 21st of July, 1849, and executed and filed the usual certificate to the purchaser, William N. Cole, on the 25th of July, 1849. Cole, by an assignment dated July 28, 1849, and acknowledged June 11, 1852, assigned the certificate to James G. Reed, and Reed,

by an assignment dated February 5, 1851, and acknowledged June 11, 1852, transferred the certificate to George B. Metcalf, and the sheriff of Wayne county, on the 11th of June, 1852, by a deed executed and acknowledged on that day, and recorded in the office of the clerk of Wayne county on the 19th of August, 1852, conveyed the said house and lot to Metcalf. On the 3d of February, 1849, the defendants executed to Van Buskirk the instrument set forth in the complaint. On the 3d of September, 1850, Van Buskirk executed a deed to Daniel E. Lewis of the above house and lot, for the expressed consideration of $750, and Daniel E. Lewis, on the 4th of November, 1851, executed to the plaintiff Jane B. Ely (then Jane B. Lewis) a deed for the same, for the expressed consideration of $556. These deeds are duly acknowledged and recorded. On the 8th of July, 1852, Van Buskirk executed to the plaintiff Jane B. Ely (then Jane B. Lewis) the following assignment of the above contract of the defendants : "For a good and valuable consideration, I do hereby sell, assign and transfer unto Jane B. Lewis, of the town of Penfield, in the county of Monroe, a certain agreement made and executed by Eli Allen and Eli W. Allen, dated February 3d, 1849, to me, and by which the said Eli and Eli W. Allen agreed to pay all claims against a certain house and lot in the village of Newark, Wayne county, N. Y., bought by me of E. E. Lewis.

Dated July 8, 1852.          .   .          JOHN VAN BUSKIRK."

When the plaintiff rested his cause, the counsel for the defendants moved for a nonsuit on these grounds : First. That the complaint did not state facts sufficient to constitute a cause of action. Second. That the complaint alleged no eviction by virtue of the said judgments or either of them, and no payment of the same, or either of them, or any portion thereof. Third. That the plaintiff was not entitled by virtue of the assignment of the 8th of July, 1852, to maintain this action. Fourth. That the proof showed that Reed, the judgment debtor, paid the sheriff's bid to Cole, and that put an end to the title by the sheriff's sale. The motion was denied, and the defendants' counsel excepted to the decision.

The proof being closed, the cause was submitted to the ref-

Cady *v.* Allen.

eree, and the counsel for the defendants, amongst others, made the following points : 1. There is no consideration to uphold the defendants' promise. Van Buskirk paid nothing but what he was bound by his agreement to pay for the deed and covenant of Lewis to him. 2. The defendants received the property as the assignees of Lewis. They are liable to account for it as such, to him and his creditors. They are not personally liable, and have only promised as assignees. 3. This being in the nature of a covenant against the incumbrances, and no payment of the judgment having been shown, and no eviction having taken place, only nominal damages can be recovered. 4. The complaint does not show either an eviction or judgment, and without one or the other there can be no recovery in the case. 5. There having been no service of process in the attachment case, and being no affidavit or bond, the judgment is no lien on the real estate of the debtor, and is void. 6. The execution upon the other judgment having been issued against the personal property of Lewis alone, when all were personally served with process, was irregularly enforced against his real estate. 7. The set-off or counter-claim is well proved, Lewis' evidence is explicit, his recollection of dates and times distinct, and is not met or overcome by the wholesale evidence and imperfect recollection of Van Buskirk. 8. The sale having been made for $10, gave the plaintiff, who had become the owner, a vested right to redeem, by paying that sum and interest. It was her own folly if she allowed title to be perfected under the sale. She should have redeemed, or called on the defendants to do so, and can in no event recover beyond the sum which would have saved her title. 9. The assignment gave the plaintiff no right of action upon the agreement. Each of these points was overruled by the referee, except the 5th.

The proof did not satisfy the referee that there was any set-off which should be allowed. His conclusion of law was that the defendants were liable, on their contract, to pay the amount of the claim or incumbrance on said land, but that their liability extended no further than to pay the amount of such claim. And that the plaintiff was therefore entitled to judgment for

the amount of such incumbrance, $63.68, and the interest thereon from July 4, 1848, the time of its rendering, to the date of the report, which was $30.46, amounting in all to the sum of $94.14.

*James C. Smith*, for the appellants.

*S. Mathews*, for the plaintiffs.

*By the Court*, T. R. STRONG, J. It appears by the testimony of Lewis, who had, prior to the making of the contract upon which the action is founded, given a deed to Van Buskirk for the lot mentioned in the contract, with a covenant of warranty, that he drew the contract, and that it was executed by the defendants, who were his general assignees in trust for the payment of his debts, at his request, without any benefit to themselves personally; that previous thereto Van Buskirk had made a claim upon him that he was bound to pay the judgment against the lot; and Van Buskirk testified that Lewis was to give him security for the payment of the judgment, although it was not in the written agreement in pursuance of which the deed was given. The fair conclusion from this is, that the contract in question was given in fulfillment of a verbal undertaking of Lewis, at the time of the making of the written agreement for the sale and purchase of the lot, that he would secure the payment of the judgment; and that the defendants executed it as his sureties. In this view there is no difficulty in respect to the consideration of the contract; it is supported by the consideration of the principal agreement.

The objection to evidence of the docketing of the judgment, that the fact is not alleged in the complaint, was properly overruled. The allegation in the complaint, on that subject, is that the judgment was a lien and incumbrance on the lot. This, following a statement of the recovery of the judgment, must be considered as embracing the fact of the docketing of the judgment and its legal effect. Especially will this be done, viewing the complaint with the liberality with which it should be

regarded at the trial. The defendant must have so understood it; it cannot be pretended that the offer of the proof was any surprise upon him; and it would be sacrificing substantial justice to the merest form to give effect to the objection made. If necessary, the complaint might have been amended on the trial by inserting the allegation in due form of the docketing of the judgment; and the court would now permit it to be done as of the time the complaint was prepared, without terms. I do not perceive that the allegation is more obnoxious to objection than an allegation of ownership of or title *to* property, or similar allegations of a mixed character containing law and fact, good even on demurrer, both before and since the code.

The contract being to pay all claims against the lot, it was not necessary for the plaintiff to prove that the judgment had been enforced, or that he had been evicted; the fact of non-payment of the judgment was all that was necessary in respect to a breach, and the rule of damages upon a breach was the amount of the judgment with interest. (*Port* v. *Jackson*, 17 *John.* 239, 479. *In the matter of Negus*, 7 *Wend.* 499.) This answers the objection to the amount of the recovery, that the land was sold under the judgment for much less than the amount due, and that Van Buskirk might have redeemed and sold the title for less than the plaintiff recovered. Van Buskirk was under no obligation to the defendants to redeem, but upon their omission to pay, was entitled to recover of them the amount of the judgment.

Assuming that Lewis, as surety of Reed in the judgment, had, upon Reed's taking an assignment of the sheriff's certificate and while he held it, an equitable claim that Reed release to him all his right to the lot under the sale, it is by no means clear that he had such an equity against Metcalf, who subsequently took an assignment of the certificate from Reed, and a deed from the sheriff pursuant to the sale and assignments. It does not appear that Metcalf is not a bona fide purchaser without notice of the equity against Reed; nor is it certain that Van Buskirk, and those claiming title to the lot under him, could avail themselves of that equity. It should be

entirely clear that the facts constitute an equitable payment of the judgment, available to those persons, to operate as a defense to this action.    But it is sufficient to say, in respect to this part of the case, that no question in relation to it is presented by the pleadings.    It should have been set forth by the defendants specially in their answer if they designed to rely on it.

The evidence in regard to the indebtedness alleged by the defendant as a set-off, is conflicting; and I think, upon a fair construction of the report of the referee, he has found against its existence.    His decision on that question, as the evidence stands, cannot be disturbed.

It follows that the judgment must be affirmed.

[MONROE GENERAL TERM, September 1, 1856.    *T. R. Strong, Welles* and *Smith,* Justices.]