## JAMES CARROLL VS. THOMAS ROSSITER.

In 1858, and when only one year was allowed to a mortgagor to redeem from a mortgage sale, the plaintiff's grantor mortgaged to the defendant.   In 1861, and when a mortgagor was by law allowed three years to redeem from such sale, said mortgage was foreclosed by advertisement.   *Held*—that the plaintiff's right to redeem was governed by the law in force at the time the mortgage was made.

At the time of said mortgage sale the sheriff by whom it was made gave to the mortgagee, who was the purchaser, a certificate specifying among other things that the purchaser would be entitled to a conveyance in *three* years from the date of the sale.   *Held*—that in this case the terms of the certificate could in no wise affect the right of either party, and that the acceptance of such certificate by the purchaser was not a waiver of his legal rights in any respect.

This action was brought in the Ramsey County District Court, for the redemption of certain real estate situate in St. Paul, sold under a mortgage foreclosure.   The cause was tried by a referee, and the facts as found by him upon such trial are substantially as follows :

On the 21st day of June, 1858, one Patrick Carroll was the owner in fee of the premises, and he, with his wife, executed a mortgage thereon to Thomas Rossiter (the defendant) to secure

Carroll v. Rossiter.

the payment of a promissory note for $550 made by said Patrick Carroll, dated on said 21st day of June, payable three years after date to the order of said Rossiter, with interest at the rate of 30 per cent. per annum.  Said mortgage was duly recorded.  On the 21st day of June, 1859, said Patrick Carroll and wife granted and conveyed the premises to James Carroll, (the plaintiff), subject to the mortgage, and the deed was duly recorded.  The said mortgage was foreclosed by advertisement, pursuant to the statute, and on the 14th day of September, 1861, the premises were sold by the sheriff of Ramsey County to the defendant Rossiter, for the sum of $1050.00, and a certificate of such sale executed and delivered to him by such sheriff.  Said certificate contained among other things the words and figures following, viz.: "And I do further certify that the purchaser will be entitled to a conveyance for the said premises on the 14th day of September, A. D., 1864, unless the same shall sooner be redeemed according to the statute."  A duplicate copy of said certificate was filed in the office of the register of deeds of said county, on said 14th day of September, 1861.  Afterwards, and before the commencement of this action, the usual affidavit of publication of notice, and of sale, were duly recorded in said office.  On the 13th September, 1864, the plaintiff, claiming the right to redeem said premises, tendered to the defendant the sum of $1400.00 for such redemption, which was refused by him on the ground that the time for redemption had passed, and that he regarded the property as his own.

As conclusions of law the referee found and decided:

1. That the time of redemption for said mortgage sale expired with the 14th of September, 1862.

2. That the form of the sheriff's certificate executed, filed and delivered as aforesaid, does not enlarge, alter, or in any manner affect the right, manner or time of redemption from said sale.

3. That the defendant is entitled to judgment against the plaintiff for costs, &c.

Judgment was entered pursuant to the referee's report, and plaintiff sued out writ of error.

Carroll v. Rossiter.

SMITH & GILMAN for Plaintiff in Error.

I.—The power in said mortgage was only to be operative on and after the 24th day of June, 1861, upon the contingency that the note was not sooner paid. The statutes in force at the time of the maturity of the note must govern and were alone contemplated in the power.

II.—The certificate of purchase shows the terms of sale, and evidence and agreement extending time of redemption to September 14th, 1864, and cannot be contradicted by parol or defeated by statutory construction.

III.—The act of 1858, and also that of 1860, make the time to redeem commence from the time of filing the notice of sale in Register's office, or until such notice is filed (which is not done in this case,) the time does not commence to run. *Acts of* 1860, 275; *Comp. Stat.*, 646.

IV.—The amount of sale and interest thereon being tendered avoids the sale, and the defendant cannot be permitted to hold his alleged title and continue the cloud thereof.

V.—The power of sale contained in the mortgage did not confer a vested right independent of the remedy. The vested right is the authority to sell according to the statute in force at the time the power is called into being. The remedy is the action or means given by law for the recovery or assertion of a right. The extension of the time for redemption does not impair the obligation of the contract. *Stone vs. Bassett*, 4 *Minn.*, 298; *Tomlin Law Dic., Letter R; Grimes vs. Bergen*, 2 *Minn.*, 89; *Jones vs. Still*, 9 *Barber*, 482; *Morse vs. Gold*, 1 *Kernan*, 282; *Butler vs. Palmer*; 3 *Hill*, 324; *People vs. Livingston*, 6 *Wendell*, 526; *Sedgwick on Constitutional Construction*, 187; 4 *Cowen*, 384; 21 *Pickering*, 174.

VI.—The power to sell does not refer to any particular law or remedy, but merely recognizes the right of the party to sell according to the statute or law existing at the time of default, so as to dispose of the equity of redemption or sale of the mortgage interest under the laws then in force.

Carroll v. Rossiter.

VII.—The judgment is given for defendant, when by the law arising upon the facts it should have been for plaintiff.

BRISBIN & WARNER for Defendant in Error.

I.—The note and mortgage having been executed in June, 1858, neither the act of July 29th, 1858, nor that of 1860, can affect the rights of the contracting parties, which are determined by the laws in force at the time. *Comp. Stat. page* 396, *Sec.* 60 ; *Hayward vs. Judd,* 4 *Minn.,* 483 ; *Goenen vs. Schroeder,* 8 *Minn.,* 387.

II.—The law in force June, 1858, (*Comp. Stat., page* 645, *Sec.* 11,) provides that within twelve months from such sale the mortgagor may redeem, &c., &c., and *Sec.* 12 of same page provides that the person making the sale shall complete the sale by making a deed, &c., unless the premises shall be redeemed as provided in the preceding section. No right of redemption existed from a statutory sale excepting by force of the law, which was made a part of the contract, and it is puerile to claim that the Sheriff may either create or in any wise impair or affect rights by the recitals of his certificate. *Vide Comp. Stat., page* 645, *Secs.* 11 *and* 12.

*By the Court*—WILSON, C. J.—The mortgage referred to in this action was made in June, 1858, and foreclosed (by advertisement) in September, 1861. The premises were sold by the Sheriff of Ramsey County, and bid in by the defendant (the mortgagee.)

Thereupon the Sheriff, in order to carry out said sale, made and delivered to the defendant a certificate of sale, which specified among other things that the defendant would be entitled to a conveyance on the 14th day of September, A. D., 1864, (three years from the date of the sale,) and a duplicate of said certificate was duly filed in the office of the Register of Deeds of the proper county.

But two questions are presented for adjudication, (1) whether the plaintiff's right to redeem from said sale was governed by the laws in force at the time of making the mortgage, or by the laws in force at the time of the foreclosure.

Reynolds v. La Crosse & Minn. Packet Co.

It has been settled in our State that the rights of parties in this respect are fixed by the laws in force at the time of making the mortgage. *Heyward vs. Judd,* 4 *Minn.,* 483 ; *Goenen vs. Schroeder,* 8 *Minn.,* 387. And we do not feel called upon to discuss, or at liberty to question, the doctrine of these cases.

The second question presented is whether the defendant, by receiving without objection the certificate of sale, which specified that he would be entitled to a conveyance in three years, should not be held to have waived his right to such conveyance sooner. I was inclined to concur in the view taken by the plaintiff in error on this point—for reasons which it is unnecessary now to give—but my brethren are clearly of a contrary opinion. We hold, therefore, that in this case the terms of the certificate can in no way affect the rights of either party, and that the defendant's acceptance of such certificate was not a waiver of his legal rights in any respect.

The judgment below is affirmed.