SMITH, appellant, v. KEYES.

*Innkeeper — lien upon property of master for entertainment of servant.   Claim and delivery — amount of judgment in action for.   Practice — correcting judgment on appeal.*

C., an employee of plaintiff, applied for entertainment at defendant's inn, and was furnished a room. He was afterward informed that the regular price for a guest was $6 per week, which he should be charged. Subsequently he brought to the inn a horse and wagon, belonging to plaintiff, which he used in plaintiff's business.   C. left the inn owing a balance for his entertainment, and defendant retained plaintiff's horse, etc., as security for such balance. In an action by plaintiff to recover possession of such horse, etc., *held*, that the relation of innkeeper and guest existed between defendant and C., and that, even though C. was a boarder, defendant had a lien on the horse, etc., for the amount due from him.

The referee before whom the case was tried gave defendant judgment for the return of the property, or its value in case a return could not be had. *Held*, that defendant was entitled to judgment, not for the whole value of the property, but only for the amount due from C.   *Held*, also, that the court, on appeal, might correct the judgment so as to conform to the proofs, by reducing it to the amount of defendant's claim.

APPEAL from a judgment in favor of defendant, entered upon the report of a referee.   The action was brought to recover the possession of a horse, wagon and harness, valued at $350.

The facts found by the referee, and appearing in the evidence, were as follows:

During the year 1872 the defendant, Daniel L. Keyes, was an

innkeeper in the village of Cooperstown, N. Y. On the 6th of February in that year, one Charles Cady, an employee of the plaintiff, Oscar Smith, and who was engaged in selling sewing machines for said Smith, applied for entertainment at defendant's inn. He was assigned a room and took up his quarters there, taking the key of the room. The regular price charged to guests who occupied that room was six dollars per week, of which Cady was informed. On the 21st of April Cady brought the horse and wagon in question to the inn, and it was received by defendant, who informed Cady that the charge for keeping and taking care of the same would be $5 per week. Cady remained at the inn until May 28, when he left. During the time while he remained a guest of the inn, he was absent two weeks, keeping the key of his room, and leaving his baggage therein. During this absence defendant charged Cady $3 per week, or half-price for such room, which was the custom of the hotel (of which Cady was informed) when guests were absent and retained possession of their rooms. The total amount of charges, as testified to by plaintiff's clerk, against Cady during the time of his stay was $117.98, upon which he had paid $24, leaving a balance due of $93.98. The horse, wagon and harness were the property of the plaintiff, and the wagon box had upon it this lettering, "Wheeler & Wilson sewing machines, O. Smith, agent," which was noticed by defendant's clerk when the team was received at the inn. The team was used by Cady while he remained at the inn in his business of selling sewing machines.

Defendant, after Cady left, retained the property, claiming to hold it as security for the balance due from Cady, and plaintiff demanded said property, and, upon refusal to deliver, brought this action in which the property was taken. Plaintiff alleged in his complaint that the value of the property was $350. The case was referred, and upon the trial the referee reported that the defendant was entitled to a return of the property, or the value thereof, in case a return could not be had. Judgment was accordingly entered in favor of defendant for $350 and costs, from which plaintiff appealed.

*E. D. Stronk*, for appellant.

*Samuel A. Bowen*, for respondent.

BOARDMAN, J. The evidence tends quite strongly to show the relations between defendant and Cady to be that of innkeeper and guest. In that case, and even if the evidence were conflicting and

doubtful, the finding of the referee would be justified and the defense sustained. If, however, their relation was that of boarding-house keeper and boarder, the result, for two reasons, would not be changed or the judgment reversed.

The essential fact is the lien. Whether it be of the one kind or another is quite immaterial, and the variance should be disregarded. *Cady* v. *Allen*, 22 Barb. 388.

Perhaps it is a better reason that the plaintiff, upon the trial, did not object to the form or sufficiency of the answer, to the materiality or pertinency of the evidence under the pleadings, to the right to recover under the pleadings and proofs, or to the sufficiency of the evidence to sustain the defense. Indeed, there is not an exception in the case, except to the findings, and refusals to find, of the referee. Under such circumstances the referee was at liberty to give to the defendant such relief as the whole case should entitle him to. Had an objection been taken in the court below, an amendment, if necessary to confirm the pleadings to the proof, would have been granted of course.

This court, on appeal, may now do the same. *Cady* v. *Allen*, 22 Barb. 388; *Bate* v. *Graham*, 11 N. Y. 237; 7 Robert, 17; Code, § 173.

The rights of the defendant are bold and apparent. It would not be creditable to our laws if such rights were lost through a technicality in no wise affecting the merits. It is the first duty of courts to protect and enforce rights. The forms and modes of procedure are only auxiliary thereto. They are the remedies, and should be made subservient to rights whenever it may be done without danger to the rights of others. For these reasons no valid objection is seen why such judgment may not be given by this court as the conceded facts in the case demand.

The court below, however, erred in holding that defendant, upon the facts proved, was entitled to recover the full value of the property in case a return was not had. The defendant was not the general owner, but had only a special property which was limited by the amount of his lien. For this amount only was he entitled to recover in money. *Rhoads* v. *Woods*, 41 Barb. 471; *Seaman* v. *Luce*, 23 id. 240; *Fitzhugh* v. *Wiman*, 9 N. Y. 559; *Dows* v. *Greene*, 24 id. 638. That amount on the 28th day of May, 1872, was $93.98. The horse was kept by defendant from May 28, 1872, to June 18, 1872, three weeks, at $5 per week, making in all, June 19, 1872, when this action was commenced, and plaintiff took the property,

$108.98. Interest on that amount, by way of damages to defendant, should be allowed from June 19, 1872, to the date of judgment, February 10, 1873, which is $5.02, making the total value of defendant's special interest in the property at the last date $114. Judgment should therefore be reversed and a new trial granted, costs to abide the event, unless the defendant shall stipulate to reduce the amount to be recovered in case a return of the property is not had from $350 to $114, and to amend the judgment accordingly, and if such stipulation be made and served within thirty days after notice of this decision, this judgment, as so amended, shall be affirmed without costs to either party of this appeal.

*Judgment accordingly.*