### PATRICK KELLY vs. CHARLES F. ROGERS.

#### Dec. 16, 1874.

False Representation as to Expiration of Time of Redemption from Foreclosure Sale.—A representation made to a junior mortgagee by the purchaser at a sale on foreclosure of a prior mortgage, that the year allowed by law for redemption from the sale will expire on a certain day, is a representation of fact and not of law, and if false, and fraudulently made, is a ground of action by the junior mortgagee who has been damaged thereby.

**Waiver of Two of Three Years Allowed for Redemption Inferentially Pleaded.**— An averment in the complaint, that a mortgage executed October 14, 1865, was foreclosed by advertisement and sale on January 27, 1872, and that the year allowed by law for redemption from such sale expired January 27, 1873, —*Held*,(as against a general objection to the complaint, taken for the first time at the trial,) to be a sufficient, though inferential and argumentative averment, that two of the three years allowed for redemption by Laws 1860, ch. 87, had been waived in the manner prescribed by that statute.

**Expenses of Suit not Recoverable as Damages.**—The fees of attorneys, and other expenses incurred by the plaintiff in the prosecution of the action, cannot properly be considered by the jury in estimating the damages to be awarded, even in cases proper for the infliction of exemplary damages.

**Effect of Omission to Move for New Trial.**—The objection that there is no evidence to support the verdict, cannot be raised in this court, when there has been no motion for a new trial in the court below.

This action was brought in the district court for Wabasha county, and was tried before *Van Dyke*, J. Upon the verdict of the jury, judgment was entered for plaintiff, from which the defendant appealed.

*Morris Lamprey* and *Kinney & Wilson*, for appellant.

*Thomas Wilson* and *Scott & Hahn*, for respondent.

YOUNG, J. The plaintiff in his complaint alleges, in substance, that one Scott, being the assignee and owner of a mortgage made by one Hanna to certain Amsbreys, on October 14, 1865, and covering the S. 1-2, N. E. 1-4, sec. 4, T. 110, R. 13, foreclosed the same by advertisement pursuant to statute; that at the foreclosure sale, on January 27, 1872, the defendant Rogers purchased the mortgaged property for $742, and received the usual certificate of sale, which was duly recorded; that on May 19, 1868, Hanna mortgaged to the plaintiff the said property, and also. the N. E. 1-4 of the N. E. 1-4 of said section 4, to secure his promissory note for $779, no part of which has been paid. The complaint then proceeds as follows: " *Fifth*, that subsequently, and before the expiration of the time allowed by law for the redemption of said real estate from said foreclosure sale, to wit, on or about December 15, 1872, * * * this plaintiff, being ignorant of the time when said foreclosure sale was made, and of the time when said right of redemp-

tion expired, and being unable to read or write, called upon said defendant, informed him of his interest in said real estate, as aforesaid, and of his intention to redeem the same from said sale by virtue of his said interest, and requested him, the said defendant, to inform him, this plaintiff, when the time for the redemption thereof would expire ; and that he, the said defendant, then and there, falsely and fraudulently, and with intent to deceive, mislead, cheat and defraud this plaintiff, so that he, this plaintiff, would fail to take such steps in time as were necessary to be taken in the premises to preserve and protect his interests in said real estate under his said mortgage, by the redemption thereof from said sale, represented and stated to this plaintiff that the year allowed by law for said redemption would not expire until February 27, 1873, when in truth and in fact said year would and did expire on January 27, 1873, as the said defendant then well knew. That this plaintiff was entirely ignorant as to when said foreclosure sale was made, or as to when the year of redemption would expire, and, relying entirely upon said representations and statements of said defendant, he failed to take such steps as were by law necessary to be taken to effect and perfect his redemption from said sale, and preserve his interest in said real estate under his said mortgage. That on February 4, 1873, he came to said Lake City for the purpose of taking such steps as were necessary to redeem said real estate from said foreclosure sale, and calling upon said defendant to ascertain the amount he would be required to pay to make such redemption, was informed by him that he was too late, that the time for redemption had already expired.

"*Sixth*, that on said February 4, and immediately after the plaintiff had called upon him, the defendant, for the purpose of carrying out and perfecting his scheme to cheat and defraud the plaintiff, executed a warranty deed to one H. M. Brown, which deed was dated and acknowledged on said February 4, 1873, and on February 5, 1873, was duly recorded.

"*Seventh*, that no redemption from said foreclosure sale having been made, the said H. M. Brown is, by virtue of said sale and of the deed last above mentioned, and ever since said February 4, 1873, has been, the owner in fee of said real estate."

The complaint then proceeds to allege that Hanna was insolvent and had absconded from the state prior to said December 15, all which was well known to defendant; that the real estate first described is of the value of $1600; and that the N. E. 1-4, N. E. 1-4, sec. 4, is of the value of $600. That by reason of the premises, and the defendant's false and fraudulent representations, the plaintiff has lost his said security and his said debt against said Hanna, and has been injured and misled to his damage in the sum of $1000.

By the statute in force at the date of the mortgage to the Amsbreys, and by which the time for redemption from the foreclosure sale to the defendant was regulated, the plaintiff might redeem at any time within three years from the date of the sale, i. e. at any time before January 28, 1875, unless the right of redemption, or some portion of the time for redemption, had been waived in writing executed and recorded in the same manner as mortgages were then executed and recorded. Laws 1860, ch. 87, §§ 1, 3; *Carroll* v. *Rossiter*, 10 Minn. 174. The defendant's counsel contends that the complaint does not show any statutory waiver of any portion of the time for redemption, and therefore fails to show that the time for redemption expired on January 27, or had expired when this action was commenced; that as the time allowed by law was three years, and not one year, there was no such thing as "the year allowed by law for said redemption;" that there could be nothing fraudulent in any statement or representation which the defendant might make as to the expiration of this purely imaginary year; and that the plaintiff could be in no way damaged by any such representation.

The right of redemption after foreclosure sale is founded on statute, and not on any contract of the parties, although,

for certain purposes, parties are presumed to contract with reference to the existing statute, and thereby to make the law a part of their contract. Whatever period was allowed for such redemption, after sale upon foreclosure of mortgages governed by the statute of 1860, was allowed by law. If no waiver had been made, that period was three years. If two of these years had been waived, and but a single year remained, the right to redeem during that year was a right allowed by law, and not in any sense conferred by the instrument of waiver, which, of itself, conferred no right of redemption whatever. It follows that, under this statute, the time allowed by law for redemption in any case might be three years, or any shorter period of time, and there might well be "the year allowed by law for redemption" in a case where two years had been waived, as there would be "the three years allowed by law" in the absence of any waiver.

The allegations in the complaint in regard to the expiration of the time for redemption, show that, in the present case, the time allowed the plaintiff for redemption was but a single year; and as the three years allowed by the statute could be shortened to a single year only by an instrument of waiver, executed and recorded in the manner prescribed by statute, these allegations amount to an inferential and argumentative averment that two of the three years had been waived by such an instrument. The allegation, in a subsequent paragraph of the complaint, that on February 4, 1873, the defendant executed to H. M. Brown a warranty deed, and that, no redemption having been made from the foreclosure sale, the said Brown is, and since February 4 has been, by virtue of said sale and said deed, the owner in fee of said real estate, is also an indirect, argumentative and inferential way of stating that the time within which the plaintiff could redeem, expired prior to February 4, 1873.

We agree with the plaintiff's counsel that this is by no means a commendable mode of pleading that the mortgagor had waived two years of the time of redemption allowed him. Had the objection been taken by demurrer, we should

have had very great difficulty in sustaining this complaint. But the defendant in his answer expressly admits that in the month of February, 1873, he sold the premises in question to the H. M. Brown mentioned in the complaint, and executed and delivered to him a good and sufficient warranty deed for such premises, which was recorded at the time and place mentioned in the complaint, and that said Brown now is, and ever since said date continuously has been, the owner of said premises. These express admissions involve an admission that the time for redemption expired prior to February 5 ; for otherwise, the deed from the defendant, though " good and sufficient " in form, would not have made Brown the owner of the premises. And although the defendant's objection to the complaint was interposed at the beginning of the trial, it does not appear that his counsel specified any particular grounds of objection, and the case was evidently tried upon the supposition, shared alike by the counsel for both parties and by the court, that, in fact, the time for redemption from the sale to the defendant expired on January 27, 1873. In such a case, a much more liberal construction should be put upon the complaint than if the objection had been taken by demurrer, and the fact thus inferentially admitted in the answer, and assumed by the court and the parties upon the trial, must be considered to be sufficiently, although informally, averred in the complaint. *Hazleton* v. *Union Bank*, 32 Wis. 34 ; *Teetshorn* v. *Hall*, 30 Wis. 162 ; *Cady* v. *Allen*, 22 Barb. 388 ; *White* v. *Spencer*, 14 N. Y. 247.

It is further insisted that the alleged false representation did not relate to any matter of fact, but was merely the defendant's opinion on a question of law. But whether the time for redemption in any case expires on one day or another, is a question of fact, the answer to which depends on the date of the foreclosure sale ; and a false statement as to the day when the year (or other period) of redemption expires, is a misrepresentation of fact.

The defendant's counsel contends that the statement, even

if wilfully false, is not actionable, for the reason that no relation of confidence existed between the parties, and the defendant was under no obligation to give, and the plaintiff had no right, legal or moral, to rely on the defendant to give him the information contained in the certificate of sale. But the plaintiff's question did not proceed from an idle curiosity. It related to the exercise of his right of redemption from the sale to the defendant, and in the information asked, the plaintiff had, as the defendant knew, a direct pecuniary interest. It is true, defendant was under no obligation to give that information. He might have left the plaintiff to ascertain for himself from the record of the certificate. But if he submitted to answer at all, it was his duty to answer truly. He was under a clear, legal obligation to the plaintiff to refrain from deceiving him by a false and fraudulent answer. The plaintiff had a right to rely on a statement, made under such an obligation, as not wilfully false, and if the statement was false and fraudulent, and the plaintiff relied on it to his damage, the defendant is answerable in this action for the damage resulting from his fraud. *Kiefer* v. *Rogers*, 19 Minn. 32; *Pasley* v. *Freeman*, 3 Term Rep. 51, 2 Smith Lead. Cas. 157, and note.

At the trial, the plaintiff proved, under objection, what would be a reasonable attorney's fee in this case, and the admission of this evidence is assigned as error. It is perfectly well settled that the fees of attorneys and counsel, and other expenses of the litigation, beyond legal costs, cannot be recovered by the plaintiff in any actions of contract, or in those actions of tort in which punitive damages are not allowed; for, *first*, these expenses are not the legitimate consequence of the tort or breach of contract complained of; *second*, to allow these expenses to the plaintiff, which are never allowed to a successful defendant, would give the former an unfair advantage in the contest; and, *third*, where, as in this state, it is provided by statute that "the prevailing party may be allowed certain sums, termed costs, by way of indemnity for his expenses in the action," it is not

in the power of courts or juries to increase the allowance fixed by statute, however inadequate that allowance may be. *Day* v. *Woodworth*, 13 How. 363. And in that class of cases where the jury, in assessing damages, are not limited to an award of compensation, but may give what are called exemplary or punitive damages, it is the better opinion that no allowance can be made to the plaintiff for counsel fees and other expenses of prosecuting the suit. Punitive or exemplary damages are inflicted, (as the terms import,) not to compensate the plaintiff for his loss or damage, but with a view to punish the defendant for his wanton, malicious, oppressive or outrageous conduct, and to deter him and others from the commission of like offences. The expenses of the prosecution can afford no criterion by which to judge of the degree of malice, oppression or outrage of which the defendant has been guilty, and for which he is to be punished; nor can the *quantum* of punishment which the defendant has deserved, and which will prevent the repetition of the offence by him or others, be measured by these expenses. There is therefore no reason why these expenses should be considered by the jury in arriving at that sum which, in their judgment, will be sufficient as a punishment and an example. *Day* v. *Woodworth*, 13 How. 363; *Earl* v. *Tupper*, 45 Vt. 275; *Barnard* v. *Poor*, 21 Pick. 378; *Lincoln* v. *Saratoga etc.*, *R. Co.*, 23 Wend. 425; *Warren* v. *Cole*, 15 Mich. 265; *Fairbanks* v. *Witter*, 18 Wis. 287.

It is true that in the courts of Connecticut, Alabama, Mississippi and Ohio, a different rule has obtained. *Linsley* v. *Bushnell*, 15 Conn. 225; *Platt* v. *Brown*, 30 Conn. 336; *Marshall* v. *Betner*, 17 Ala. 832; *New Orleans etc. R. Co.* v. *Allbritton*, 38 Miss. 242; *Roberts* v. *Mason*, 10 Ohio St. 277. But except in the Connecticut cases, the question was not much considered, and the doctrine of those cases is opposed to the weight of authority. And the same courts which hold that the jury, in inflicting punitive damages, may take into consideration the probable expenses of the suit, refuse to receive evidence of the amount of those expenses.

*St. Peter's Church* v. *Beach*, 26 Conn. 355 ; *Roberts* v. *Mason*, 10 Ohio St. 277.

The plaintiff was properly permitted to show the amount of taxes due on the N. E. 1-4, N. E. 1-4 of sec. 4. The value of that property, as a security for his mortgage debt, was of course diminished to the extent that it was encumbered by the lien of those taxes.

It is claimed that certain portions of the charge were erroneous, and that instructions asked by the defendant were erroneously refused ; but the record does not show that any exception whatever was taken to the refusal of the court to give the instructions asked, and the only exception to the instructions given is an exception " to the charge as given, and to each and every proposition and part thereof." Such an exception amounts to nothing, when, as in the present case, any portion of the charge is correct.

The objection that there is no evidence to support the verdict, cannot be considered on this appeal from the judgment, there having been no motion for a new trial in the court below.

For the error in admitting evidence of counsel fees, the judgment must be reversed, and a new trial ordered. The plaintiff's counsel asks that, instead of a reversal, the judgment may be modified by deducting the amount allowed as counsel fees ; but as the verdict is for a gross sum, and there appears to be no satisfactory way of ascertaining what part of that sum was awarded as counsel fees, the reduction asked for can only be effected by agreement between the parties.

Judgment reversed.