ALICE G. SASANOW, Respondent, v. WILLIAMSBURG SAVINGS BANK, Defendant, and HERMAN L. SASANOW, Appellant.— Order, as resettled, denying motion for an order dismissing the complaint for insufficiency, pursuant to rule 106, subdivision 5, of the Rules of Civil Practice, affirmed, with ten dollars costs and disbursements, with leave to appellant to answer within ten days from the entry of the order hereon. The action is maintainable in equity. A complete adjudication of the controversy requires the presence of the appellant as a party thereto. In effect, the action is to determine the rights of adverse claimants to a sum of money and is in the nature of an action of interpleader. Respondent, as a claimant,

was entitled to anticipate that the bank as stakeholder would offer to pay the proceeds of the account into court to await the outcome of the litigation between the parties to this appeal. (*Clark* v. *Mosher*, 107 N. Y. 118; *Deering* v. *Schreyer*, 171 id. 451.) Unlike one who holds a certificate of stock and who is in no position to assert possible claims which might be made by persons not in privity with the possessor (*Brown* v. *Arbogast & Bastian Co.*, 162 App. Div. 603), the defendant, upon receipt of written notice, would be entitled to defend simply on the ground of an adverse claim. (Banking Law, § 239, subd. 3.) The adverse claimant, therefore, is a necessary party, to the same extent as if he himself possessed the fund, and the action is maintainable in equity. (*Deering* v. *Schreyer*, 171 N. Y. 451; *Hasberg* v. *Moses*, 81 App. Div. 199; *Lovett* v. *City of New York*, 128 id. 157.) In any event, the complaint sets forth a cause of action at law for money damages and is not subject to dismissal for insufficiency. (*Port* v. *Holzinger, No. 1*, 212 App. Div. 124; *Bloom* v. *Gelb*, 227 id. 619; *Dennin* v. *Powers*, 96 Misc. 252; affd., without opinion, 176 App. Div. 946; affd., without opinion, 227 N. Y. 606.) Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur. [See *ante*, p. 922.]