Dominick Abate, Plaintiff, *v.* Bushwick Savings Bank et al., Defendants.

City Court of the City of New York, Special Term, Kings County, February 14, 1955.

*Cullen & Dykman* for Bushwick Savings Bank, defendant.

*Albert Hutton* for Dime Savings Bank of Brooklyn, defendant.

*Von Sothen, Aicher, Moffett & O'Hare* for Hamburg Savings Bank, defendant.

*Daniel F. Scanlon* for plaintiff.

BERRY, J.   Each of the three defendants separately moves, pursuant to rule 113 of the Rules of Civil Practice, for summary judgment dismissing the complaint against each moving defendant.   The facts alleged in each cause of action are substantially the same.

Some years prior to September, 1948, one Mary Abate opened savings accounts with the respective defendants.   In that month she changed them into joint accounts by adding the name of her son Dominick Abate (the plaintiff herein).   Apparently she was illiterate and signed by fingerprints.   She died on July

23, 1949. Soon thereafter said Dominick Abate submitted proofs of death, waivers from the tax department, and after establishing his survivorship transferred the moneys to new separate accounts in the same banks in his individual name.

On July 6, 1951, one Michael Gallo, a half brother of the plaintiff in this action, also a son of the said Mary Abate, served upon the defendant banks affidavits to the effect that all the moneys in the aforesaid accounts had been the property of his mother, that the creation of the joint accounts had been without her knowledge and that she never had any intention to create a right of survivorship. It was also alleged therein that the change of accounts was one of convenience so that her son, with whom she resided, could act as her agent to distribute the moneys to her heirs. The affidavit alleged further that said Dominick Abate held the moneys on deposit in trust for the estate of Mary Abate and that there was danger that he would withdraw the same. Notice was thereupon given to the respective banks that the said Michael Gallo claimed the balance on deposit personally on behalf of an administrator to be appointed. Within a few days plaintiff demanded payment from the respective banks of the balances on deposit with the respective banks.

In view of the aforesaid sworn statements of adverse claim and the consequential danger of double liability the banks refused to make payment pending the commencement of legal proceedings to determine the ownership of the moneys on deposit. The banks never asserted any personal claim to the funds, nor did they refuse to pay if an appropriate court order or judgment was obtained.

On August 6, 1951, Dominick Abate started an action in the Supreme Court, Kings County, to recover the total moneys on deposit in the various banks. Neither the plaintiff nor any of the banks ever sought nor obtained an order to deposit the moneys into court. The funds remained on deposit and were credited with regular interest dividends and finally paid over to the plaintiff in accordance with the judgment obtained in that action.

Michael Gallo applied for and was granted limited letters of administration so that he could properly present the claims by way of a discovery proceeding instituted in the Surrogate's Court, Kings County (See *Matter of Abate*, 107 N. Y. S. 2d 474). An order was thereupon issued in that court on November 8, 1951, pursuant to section 205 of the Surrogate's Court Act to discover the assets of the estate of Mary Abate and directed to

the defendants herein amongst others. Subsequently, an order was obtained in the Supreme Court action bringing in Michael Gallo, as administrator of the estate of Mary Abate, as a party defendant in that action and directing that a supplemental summons issue therein requiring him to answer the amended complaint.

On January 18, 1952, an order was entered in the action pending in the Supreme Court consolidating the order in the discovery proceedings with that action. The consolidated action was tried before Mr. Justice Conroy without a jury and resulted in a judgment, dated May 16, 1952, and resettled on July 17, 1952, in favor of the plaintiff, adjudicating that he recover from the respective banks the moneys on deposit together with interest. No costs were awarded against the banks although the plaintiff did obtain costs against Michael Gallo.

On July 13, 1954, Dominick Abate commenced this new action in this court to recover "consequential" damages alleged to have been sustained by reason of the refusal and failure of the defendant banks to pay over in 1951 the moneys on deposit. The damages claimed by him are the sum of $1,937.50 representing a down payment on a contract which he had entered into on June 18, 1951, for the purchase of certain property located in Queens County and which he states he forfeited on November 30, 1951, because of his inability to consummate that deal, and the further sum of $3,250 which he expended for legal services in connection with the real estate matter and the litigation in the Supreme Court and the Surrogate's Court.

Defendants have brought on these motions alleging variously that (1) plaintiff's present action is without merit, that if any claim for consequential damages ever did exist (which they deny) it was merged in the judgment determined in the Supreme Court; (2) that the judgment therein bars any recovery, even assuming that plaintiff had a right of consequential damages; (3) that plaintiff's measure of damages was the amount of his deposit plus accrued dividends which was paid; (4) that subdivision 5 of section 239 of the Banking Law does not limit a bank's discretion in dealing with adverse claims; and (5) that the defendants were expressly permitted by law to stop payment on the accounts.

Plaintiff's arguments in opposition to the motion appear to be in the main that the affidavits of claim submitted by Michael Gallo did not contain sufficient facts to comply with the provisions of subdivision 5 of section 239 of the Banking Law and to warrant the banks in taking the position that they did in

refusing to honor plaintiff's demands for the payment of the moneys and that the plaintiff was not in a position at the time of the trial to ascertain the amount of his counsel fees.

It is well established that the relationship of a depositor to a bank is that of debtor and creditor and not that of bailor and bailee or trustee and beneficiary. (See 9 C. J. S., Banks and Banking, § 273. See, also, *Hartford Acc. & Ind. Co.* v. *First Nat. Bank*, 281 N. Y. 162, 168; *Mierke* v. *Jefferson Co. Sav. Bank*, 208 N. Y. 347, 350, and *Matter of Wilkins*, 131 Misc. 188.) An action by a depositor against a bank which failed to repay money deposited is predicated upon the relationship of debtor and creditor. The bank became the sole owner of the moneys deposited with a promise on its part to repay the same. (See *Matter of Delaney*, 256 N. Y. 315, 321.)

With respect to the claim of the basic breach claimed by the plaintiff in failing to pay over the moneys, the allegations in the present complaint are not unlike those in the original complaint which resulted in the judgment entered in favor of the plaintiff against the banks and Michael Gallo, the half brother.

Plaintiff's cause of action was predicated upon the failure of the defendant banks to honor his request for the payment of moneys which he claimed to be rightfully due him. This gave rise to but one cause of action for the failure to make payment in accordance with the demand to which reference has just been made. In *Silberstein* v. *Begun* (232 N. Y. 319, 324) the court says, " The rule is well settled that a party cannot split up an entire cause of action and maintain several actions, each for part of his demand. The recovery of one judgment bars his whole claim. (*Reilly* v. *Sicilian Asphalt Paving Co.*, 170 N. Y. 40, 42; *Nathans* v. *Hope*, 77 N. Y. 420; *Secor* v. *Sturgis*, 16 N. Y. 548.) " To like effect is *Yablen* v. *Thorne, Neal & Co.* (N. Y. L. J., Feb. 14, 1955, p. 12, col. 5).

The plaintiff's claim as mentioned above is for consequential damage arising out of the breach of the defendants to honor his demand. That action has already been litigated as hereinabove set forth.

However, even if this were not the rule plaintiff would not be entitled to recover for the elements of damage for which he seeks judgment. In *Loudon* v. *Taxing District* (104 U. S. 771, 774) the rule is laid down in the following language, " it is sufficient to say that all damages for the delay in the payment of money owing upon contract are provided for in the allowance of interest, which is in the nature of damages for withholding money that is due. The law assumes that interest is the measure

of all such damages." (See, also, *Mercantile Factors Corp.* v. *Warner Bros. Pictures,* 215 App. Div. 530, 534, and *Cady* v. *Allen,* 22 Barb. 388, affd. 18 N. Y. 573.)

Neither may the plaintiff recover for counsel fees which he claims he expended in the litigation. It has been uniformly held that payment of legal costs incurred in the action is the full measure of liability incurred by an unsuccessful litigant. (See 39 A. L. R. 1218 and cases therein cited.)

In *Sasanow* v. *Williamsburg Sav. Bank* (256 App. Div. 928) it was held that the provisions of subdivision 5 of section 239 of the Banking Law were in addition to the other remedies which were afforded to a bank and not restrictive of their rights. A complete discussion of the authority of a bank to withhold payment can be found in *Community Volunteer Fire Co. of Nimmonsburg* v. *City Nat. Bank of Binghamton* (171 Misc. 1027) from which it appears that the rule is well settled that a bank is justified in not making payment where a claim is made upon it which is apparently meritorious; that under those conditions a bank may call upon the parties making adverse claims to litigate the issue of ownership or title to the moneys in the account and in that manner place itself in the position of a stakeholder. The banks in this case at no time made any personal claim to the funds and upon service of a demand by Michael Gallo desired only that a final adjudication be had with respect to the ownership of the moneys in the accounts. To do other than what the banks did would place them in jeopardy with respect to the claims of Michael Gallo. Under no condition can this court find that the banks were influenced by other than the desire to protect their depositors. It should be noted in passing that the judgment entered in the Supreme Court took cognizance of the position taken by the banks and made no award of costs against them for failing to comply with the requests of the plaintiff.

The respective motions of the defendants are granted and the complaints dismissed.