Stanley L. Sklar, J.
Defendant moves to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) on the ground that the complaint fails to state a cause of action.
The material facts alleged are undisputed. Plaintiff has what is evidently a checking account with the defendant bank (Chemical). In February, 1971, Rosenhack discovered that the sum of $3,582 had been credited to his account. He advised Chemical that he had not deposited the funds and that they were not his. Chemical states that it then debited Rosenhack’s account in the amount of the deposit and conducted an investigation to determine the person entitled to the deposit. The investigation was unsuccessful. Chemical held the funds, and in September, 1976, published a list of unclaimed deposits. Rosenhack promptly made a claim in the amount of the deposit, Chemical rejected the claim and paid the funds to the State of New York on or about November 10, 1976, pursuant *818 to paragraph (a) of subdivision 1 of section 300, sections 301, 302 and subdivision 1 of section 303 of the Abandoned Property Law.
Rosenhack instituted this action, claiming that he, as the finder of lost property (the funds), is entitled to the funds, and that the funds are not abandoned property.
Chemical contends that Rosenhack is not entitled to unclaimed property owed by it to another, and that the plaintiff is not a finder of lost property because the deposit was only a debt owed by Chemical to an unknown person.
Plaintiffs claim must be considered in light of the character of the deposit at the time he discovered the erroneous crediting to his account. Were the funds "lost or mislaid property” as defined by the Personal Property Law?
Subdivision 1 of section 251 of the Personal Property Law defines "property” as "money * * * goods, chattels and tangible personal property other than * * * 'instruments’ as defined in subdivision two of the section [and other items not germane to this action]”. "Instrument” is defined (subd 2) as a "check, draft, promissory note, bond, bill of lading, warehouse receipt, stock certificate or other paper or document, other than * * * money, evidencing, representing or embodying a chose in action or right with respect to property or a share, participation or other interest in property”.
What then was the character of the amount credited upon the statement issued by Chemical to Rosenhack? The "money” was credited to his account either through an error of the true owner-depositor or through a bank error in placing the true owner’s deposit. Another possibility, that of an error by a computer or by an employee of the bank crediting nonexistent funds, need not be considered on this motion, since if that possibility were the case, plaintiff would not as a matter of fact have found any property and plaintiff could not prevail.
The issue of the character of the amount credited to plaintiffs account leads to the critical question on this motion. Were the "funds” so credited the property of the true owner-depositor so as to constitute "property”, within the meaning of the Personal Property Law, that could be "found” by plaintiff?
Money on deposit in a bank is commonly considered to be the property of the depositor. However, the relationship between a depositor and a bank is legally that of creditor and debtor and the amount on deposit represents merely an indeb *819 tedness by a bank to its depositor. (Gibraltar Realty Corp v Mount Vernon Trust Co., 21 & NY 353.) Money deposited with a bank belongs to the bank and is not the property of the depositor. The property of the depositor is the indebtedness of the bank to it — a mere chose in action. (First Nat. Bank of Union Mills v Clark, 134 NY 368.) It may also be noted that the bank-depositor relationship is not a bailor and bailee or trustee and beneficiary relationship. (Abate v Bushwick Sav. Bank, 207 Misc 372.) The reliance of the plaintiff on the case of Gimbel Bros. v White (256 App Div 439) for the proposition that money is "property” is misplaced since the court thereon did not come to that conclusion. Rather, the decision merely distinguished money on deposit in a bank (payable to a depositor in the form of cash) from a coupon system instituted by the plaintiff which was attacked as a form of banking by the Superintendent of Banking.
Accordingly, the funds credited on the plaintiff’s statement were not the property of the true owner, but only an acknowledgment of a debt owed by the bank and did not constitute property. Therefore, plaintiff could not have been the finder of lost property.
Furthermore, even if the bank statement were considered to be an instrument evidencing a chose in action, the plaintiff would still not have a cause of action since "instruments” are not returnable to finders when the true owner cannot be located. (Personal Property Law, § 255.)
The conclusion reached is reinforced by policy considerations. Instruments are not returnable to their finders, even if unclaimed, because the likelihood, from the very nature of an instrument, is that the true owner can be traced. For example, a check has the name and account number of the drawer on its face, stock certificates are registered, etc. The same is true of any property, whether personalty or instruments, which are found in a safe-deposit area. Those items, if unclaimed, do not become the property of the finder. (Personal Property Law, § 256, subd 3.) It is likely that, with the records maintained of persons who have had access to the safe-deposit area, that the true owner can be traced. Not so with ordinary lost personal property which, except for the rare instances of being tagged or otherwise identified, are not ordinarily traceable to their true owner. If property is not traceable, the likelihood of restoration to the true owner diminishes considerably, and the Personal Property Law has accordingly de *820 dared that ordinary personalty, if undaimed, belongs to the finder. In the instance of bank deposits, with deposit slips and other records being kept by banks, it is likely that a misplaced deposit can be traced (as is demonstrated by the lack of precedent for the instant action). Accordingly, a misplaced deposit should be considered as bearing more resemblance to a lost instrument than to ordinary lost personalty.
Under either view, the plaintiff’s complaint must be and is dismissed for failure to state a cause of action.