NOBLE A. HULL, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, EX REL. JOHN F. ROLLINS, DEFENDANT IN ERROR.

The right of a purchaser, other than a State or some governmental agency acting as such, at a sale of land for taxes under a statute which provides that the purchaser or his assignee shall have a conveyance of the land, unless the land shall be redeemed within one year next succeeding the sale, is a contract right; and a statute, passed subsequent to such sale, which proposes to extend the period allowed by the former act for redeeming the land from the sale, is a violation of the contract, and of no effect as to such purchaser or his assignee.

Writ of Error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*The Attorney-General* for Plaintiff in Error.

If anything can be said in favor of the act whose constitutionality is drawn in question, it can not better be said than in the language of the brief of J. J. Enos, in Robinson vs. Howe, *et al.*, 13 Wis., 341, *viz:* "There was no 'contract' in this case, within the meaning of the Constitution. The term, as there used, does not include interests growing out of measures of public policy. Sedgwick on S. & C., Law, 618 and 633; 10 How. (U. S.), 416; 3 Id., 551; 4 Seld., 110; 4 Kern., 22; 9 B. Monr., 449. If there was a contract, the act of 1852 did not impair its obligations. Retrospective laws, acts divesting vested rights, and acts relating to the remedy, do not violate the provisions of the Constitution above cited. Calder vs. Bull, 3 Dall., 386; Satterlee vs. Matthewson, 2 Peters, 413; Watson vs. Mercer, 8 Peters, 88; Balt. & Susq., R. R. vs. Nesbit, 10 How. (U. S.), 395; Mason vs. Haile, 12 Wheat., 379; Wilkinson vs. Leland, 2 Peters, 627; Stocking vs. Hunt, 3 Denio, 274; Van Rensselaer vs. Snyder, 3 Kern., 299; 4 Kern., 22; 1 Hill, 324; The People vs. Livingston, 6 Wend., 526."

*W. B. Owens* for Defendant in Error.

On the 10th day of November, A. D. 1891, the said Rollins, for himself and as trustee for J. C. Greeley and H. Morgan, filed his petition in the circuit court, Duval county, addressed to Hon. W. B. Young, judge of the said court, in which he set up the purchase by Greeley on August 5th, 1890, of certain land therein described, at a sale for the non-payment of taxes for

the year 1889, and after stating the payment of the purchase price at the said sale and the receipt of the usual tax certificate, also referring to the terms in the certificate, showing that he would be entitled to a deed of conveyance in the absence of redemption of said property within one year from the date of sale, upon the terms prescribed by law, showed further that Greeley had transferred and assigned the certificate to him, the petitioner, for himself and as trustee for said Greeley and Morgan. And further that the property had never been redeemed, and that the time for redemption had expired.

The petitioner then showed that on the day of the filing of his petition he had presented the certificate to the said clerk of the said court, tendering him one dollar, and demanding a tax deed to him for the property embraced, according to law, and that the said clerk refused to make said deed to the petitioner.

Upon this state of facts the petitioner prayed for a writ of mandamus to the said clerk, commanding him at once to make a proper tax deed to him upon his surrender of the certificate, and the payment of the fees allowed by law. The petition was duly verified. And thereupon, the judge of said court, the Honorable W. B. Young, issued to the said clerk the alternative writ of mandamus, in the usual form, and on the same day the said clerk filed his sworn answer, setting up that the Legislature of the State of Florida, by act approved June 10, 1891, Chap. 4011, pp. 27-30, acts of said year, and in Secs. 7 and 8, provided that no deed should

82 SUPREME COURT.

N. A. H. v. State of Florida, ex rel. J. F. R.—Argument of Counsel.

issue under two years after the passage of that act, upon any tax certificate then outstanding, and allowing to owners of land sold where tax deeds had not been issued, two years in which to redeem the same. This in Sec. 7; Sec. 8 only emphasized Sec. 7.

And respondent submitted to the court that under this law he was not authorized to issue the said tax deed until after June 10, 1893. To this answer petitioner demurred upon the ground that the sections of the law relied upon by the answer are unconstitutional.

This demurrer having been submitted to his Honor was sustained upon the 4th day of December, 1891, and a peremptory writ of mandamus was issued... From this order the said clerk of the said court has appealed to this court, and assigns as error the overruling of the demurrer to his answer, and the order granting the peremptory writ of mandamus.

The petitioner submits that Sections 7 and 8 of Chap. 4011, approved June 10th, 1891, are unconstitutional so far as they relate to cases like the one before the court, in which the purchase at tax sale had been made under prior laws, and so far as they apply to tax certificates issued thereunder.

The question is clearly discussed by Mr. Cooley in his work on taxation. He speaks of it under the topic, "Legislative Power over Purchases." He says the better considered cases hold, upon reasons that are conclusive, that such acts as that under discussion,

violate the obligation of contracts; that the purchase at tax sale is clearly a contract. To quote from his exact language, speaking of such purchases, he says: "It is made under the law as it then exists, and upon the terms prescribed by law. No subsequent statute can import new terms into the contract, or add to those before expressed. If it could be changed in one particular, it could be in all; if subject to legislative control at all, it is wholly at the legislative mercy." To which text he cites Robinson vs. Howe, 15 Wis., 341; Dikeman vs. Dikeman; 11 Paige, 484; Geonen vs. Schroeder, 8 Minn., 387; Merrill vs. Deering, 32 Minn., 479; Wolfery vs. Henderson, 23 Ark., 384.

I submit that the authorities amply sustain the two propositions: First, that a purchase at a tax sale is a contract, the law under which it was made being a part of the contract; second, that any subsequent statute undertaking to import new terms to such contracts or add to them, is unconstitutional, impairing their obligation. See Cooley on Taxation, 2d Ed., pp. 544-5, Sec. 13, and authorities cited in note 2.

Of course it is unnecessary to say that the constitutional provisions referred to are Sec. 17, of the Declaration of Rights, Constitution of 1885, of the State of Florida, and Art. 1, Sec. 10, Sub-division of the Federal Constitution.

There is no error in the record, and the judgment should be affirmed.

RANEY, C. J. :

The fifty-fourth section of the general revenue act, approved June 13th, 1887, Chapter 3681, Laws of Florida, authorized any person claiming land sold for taxes, or any creditor of any such person, to redeem the land, on the terms and in the manner therein stated, "within one year next succeeding the sale ;" and the fifty-seventh section of the same statute enacted that on the presentation of the certificate of sale to the clerk of the circuit court or his deputy, "after the expiration of time provided by law in this act for the redemption of land sold as aforesaid, unless the same have been redeemed, he shall execute to the purchaser or his heirs or assigns a deed of the land therein described, unless it shall be shown that the taxes for that year have been paid before the sale."

In the case before us J. C. Greeley bought at a tax sale made by D. P. Smith, as tax collector of Duval county, on the fifth day of August, 1890, the land mentioned in the proceedings, the same having been sold for the collection of unpaid State and county taxes assessed for the year 1889. Smith, as such collector, issued to Greeley the usual certificate of sale bearing date August 5th, 1890, and afterwards Greeley assigned the certificate to Rollins, who, on the tenth day of November, 1891, presented the certificate to the plaintiff in error, clerk of the circuit court of Duval county, and demanded that he should execute and deliver to him a tax deed for the land in accordance with law, he at the same time tendering to the clerk his

lawful fee for such deed. The clerk refused to issue the deed, and thereupon Rollins applied to the judge of the fourth circuit for a writ of mandamus to compel him to issue it.

The provisions of the seventh and eighth sections of a statute approved June 10th, 1891, and entitled "An act to provide for certifying lands to the Comptroller, upon which taxes have not been paid for the redemption thereof, and for the forfeiture and sale of lands not redeemed," Chapter 4011 of the Statutes, are the sole defense made by the clerk to the writ of mandamus issued by the judge.

The effect of preceding sections of this statute is: That after the first day of January, 1892, there should be no sales of lands for either State or county taxes; and that the Tax Collectors of the several counties should open their books for the collection of taxes on the first Monday in November, 1891, and close them on the first Monday in April, 1892, and do likewise for each succeeding year; and when they shall have closed their books "as now or herein provided," it shall not be lawful for them to receive further moneys remaining due for taxes on land. All lands upon which taxes have not been paid are then to be certified to the Comptroller, and clerks of the circuit court, and the Comptroller is required to make publication within one year of all lands so certified to him, except such as may have been redeemed before such publication or are not subject to taxation. Redemption in the offices of the Comptroller and clerks of the circuit court are

then provided for, and the State's title to all lands not redeemed at the expiration of two years from such certification becomes absolute, and the lands are to be placed on sale by the State, subject, however, to the right of redemption at any time after the expiration of the two years from the certification, if the land has not been sold by the State.

The seventh and eighth sections are as follows :

SEC. 7. No deeds, as now provided by law, shall issue upon any tax certificate now outstanding, for two years from the passage of this act ; and any person or persons whose lands may have heretofore been sold for taxes, and to which tax deeds shall not have been issued at the time of the passage of this act shall, at any time within two years from the passage of this act, have the right to redeem said lands by taking the steps now provided by law for the redemption of lands from tax sales.

SEC. 8. Tax deeds to all lands upon which tax certificates may be now outstanding, and which shall not have been redeemed, as provided in section 7, shall, at the expiration of two years from the passage of this act, issue as provided by law at the time of the passage of this act.

The ninth section provides for the grading and pricing of all lands to which the State may acquire title under the act ; and the tenth section, for the sale of the same and the deed of conveyance of those sold. The eleventh section repeals all laws and parts of laws in so far as they may be in conflict with the act ; and

the twelfth section is that the act "shall be construed in connection with the general revenue law;" such a statute, chapter 4010, having been passed at the same session of the Legislature and approved on the same day.

The question presented for our decision is the validity of the act of 1891, chapter 4011, in so far as it proposes to extend the time for redemption of the purchase made by Greeley at the tax sale of August 5th, 1890. It is contended by the relator that the statute is, both as to himself and to Greeley, unconstitutional and void for the reason that it violates the contract of the sale.

The rights of Greeley and his assignee are contractural; and not, as in Essex Public Road Board vs. Skinkle, 140 U. S., 334, a matter of mere public regulation or policy, nor a mere matter of law. Greeley's rights arose in a contract of bargain and sale. The land was offered for sale by the State, through its official agent, the tax collector of Duval county, under a statute, the validity of which is not impeached, and a compliance with whose essential provisions as to assessment and sale is not questioned, even if it be that the appellant could raise both or either of such questions in this proceeding. The land was offered for sale under the terms and conditions prescribed by the act of 1887, chapter 3681, and one of these was that the purchaser should have a deed of conveyance of the land unless the same should be redeemed within one year next succeeding the sale, by making the payments pre-

scribed. Greeley, on this offer being made at public
outcry, bid for the land, and his bid was accepted, and
he having paid the amount required by law, the
formal certificate evidencing the sale to him, and stat-
ing that he would be entitled to a deed, if the land
should not be redeemed within a year, was issued to
him. The entry into the agreement was the act of the
parties. The State offered the land for sale, Greeley
voluntarily made a lawful bid, and the bid was accep-
ted and then complied with. It was a contract be-
tween the State and Greeley, and its terms were em-
bodied in the law then in force. State. *ex rel.* vs. Fo-
ley, 30 Minn., 330. The terms of the contract, in so
far as the rights of the purchaser, and the duties or
obligations of the State, are to be found in the law au-
thorizing the sale, or under which it was made.
"But," says Judge Taney, speaking for the Supreme
Court of the United States, in Bronson vs. Kinzie, 1
How., 311, 315, "the mortgage given to secure the debt
was made in Illinois for real property situated in that
State, and the rights which the mortgagee acquired in
the premises depended upon the laws of that State. In
other words, the existing laws of Illinois created and
defined the legal and equitable obligations of the mort-
gage contract;" and in Cargill vs. Power, 1 Mich.,
369, the decision was that the law in existence at the
time a mortgage was executed and delivered was a part
of the contract. The obligation of a contract consists,
observes the Supreme Court of the United States, in
its binding force upon the party who makes it. This de-
pends on the laws in existence when it is made; these

JANUARY TERM, 1892. 89

N. A. H. v. State of Florida, ex rel. J. F. R.—Opinion of Court.

are necessarily referred to in all contracts, and forming a part of them as a measure of the obligation to perform them by the one party, and the right acquired by the other. There can be no other standard by which to ascertain the extent of either than that which the terms of the contract indicate according to their settled legal meaning; when it becomes consummated, the law defines the duty and the right, compels one party to perform the thing contracted for, and gives the other a right to enforce the performance by the remedies then in force. McCracken vs. Hayward, 2 How., 608. In the case of the sale of land for taxes, which can be authorized only by the State, and to which the right of redemption is a customary, if not inseparable, feature, defining, if not limiting, the rights of the purchaser and continuing those of the defaulting owner, it is to the law existing at the time of the sale that one reasonably must, and to it only that one naturally would, look to ascertain the period of redemption and the rights of the purchaser as to title and possession. The right of redemption from a tax sale is governed by the law in force at the date of the sale. Merrill vs. Dearing, 32 Minn., 479. That the obligation of a contract to which the State is a party is protected from violation by the State, is settled law. Cooley's Con. Lim., m. p. 274, 275, and note 2; Fletcher vs. Peck, 6 Cranch, 87; Davis vs. Gray, 16 Wall., 203.

That the extension of the time for redemption prescribed by the act of 1887—one year next after the

sale—to two years from the passage of the act of 1891,
or, in other words, from a day in August, 1891, to one
in June, 1893, is a material impairment of essential
rights guaranteed to Greeley by the contract of sale,
and a positive diminution of the duty imposed by the
contract upon the State, seems to our minds undeni-
able in the light of natural justice and common reason.
By the contract right to a deed it was intended and
implied that upon obtaining the deed, he should have
the immediate right to the ownership and exclusive
possession and use of the land, with all the beneficial
incidents of such ownership. This right to have a
deed after the fifth day of August, 1891, and the
rights incident thereto, were obligations of the con-
tract, and to postpone against the will of the pur-
chaser, or of his assignee, the enjoyment of such
rights for even a day, or the shortest period, to say
nothing of a period of nearly two years, and this too
for the purpose of offering to the owner, or a creditor,
during the time the *privilege* of redeeming, if he shall
see fit to exercise it, is a vital and patent impairment
of such obligation. This view is fully sustained by
satisfactory authority. Judge Cooley, in his Consti-
tutional Limitations, m. p. 291, expresses himself as
follows: So a law is void which extends the time for
the redemption of lands sold on execution or for delin-
quent taxes after the sales have been made; for in such
a case the contract with the purchaser, and for which
he has paid his money, is that he shall have title at
the time then provided by law; and to extend the time
for redemption is to alter the substance of the con-

JANUARY TERM, 1892. 91

N. A. H. v. State of Florida, ex rel. J. F. R.—Opinion of Court.

tract as much as would be the extension of the time for the payment of a promissory note. And the same author, in his work on taxation, says, that if the time to redeem has already expired before the passage of the new law, it is manifest such law can have no effect upon the sale; that, the title having become absolute, the Legislature can no more create rights in the land in favor of the former owner than it can in favor of any other person; but if the time for redemption has not expired, and redemption is still open to the owner, the want of power is not so entirely beyond dispute. Observing that in one case, Gault's Appeal, 33 Penn. St., 94, it has been held that the time for redemption might be extended from one to two years, its reasoning being based on the liberal construction which should be put upon redemption laws, he still holds that the decisions to the contrary are based on reasons which are conclusive. "They," he says, "plant themselves upon the principle that the obligation of the contract is inviolable. Now the purchase at a tax sale is clearly a contract. It is made under the law as it then exists, and upon the terms prescribed by the law. No subsequent statute can import new terms into the contract, or add to those before expressed. If it could be changed in one particular, it could be in all; if subject to legislative control at all, it is wholly at the legislative mercy." Cooley on Taxation (2nd ed.), pp. 544, 545. In Robinson vs. Howe, 13 Wis., 341, the decision was that where land has been sold for taxes under a law which provided that the owner

might redeem it within a specified time after the sale, it is not in the power of the Legislature by a subsequent act, although passed before the expiration of that time, to extend the privilege of redemption for a longer period; that to extend it would impair the obligation of the contract; and that an act proposing to extend the time of redemption does not affect the rights of an assignee of a tax certificate issued before the passage of the act, although the assignment was made and the tax deed was executed after the passage of the extending act and in the form which that act prescribed. In State *ex rel.* vs. McDonald, 26 Minn., 145, land was bought in by the State at a tax sale, and the Comptroller, pursuant to the terms of the law under which the sale was made, sold and assigned the certificate of sale. After this assignment was made, the Legislature passed an act requiring every person holding a tax certificate to present the same to the county auditor at least ninety days before the expiration of the time to redeem, and the auditor to notify the person in whose name the land was assessed, of the time when the period of redemption would expire. Hitchings, the assignee of the certificate, did not comply with this act, and the relator, the administrator of the owner of the land, claimed, as a consequence of this omission, the right to redeem. It was held that legislation could not by any act subsequent to the assignment, impair to any extent the right acquired by the assignee to the fee simple of the land subject to

the redemption provisions of the law under which the sale was made, and that the subsequent act could not, without violating the Constitution, be applied to a case where the right under the sale had vested in any person other than the State prior to its passage. The doctrine announced in the case of Merrill vs. Dearing, 32 Minn., 479, is that the period of redemption can neither be shortened nor extended by legislation subsequent to the sale. In Forqueran vs. Donnally, 7 W. Va., 114, the decision was that a purchaser of a part of a tract of land at a sheriff's delinquent tax sale made in 1860, acquired by the purchase, payment of the purchase money and delivery to the purchaser of the sheriff's receipt therefor, the right, if the land was not redeemed, in the manner prescribed by a designated section of the Virginia Code, within two years from the sale, to obtain a deed in the mode and manner prescribed by other sections, with the further privilege to the owner of redeeming after the expiration of one year from such two years if no deed had been made to the purchaser; that the right so acquired grew directly out of the contract of sale made in pursuance of the law under which it was made; that the right was an equitable right or interest entitled, on the failure to redeem, to ripen into a full legal title, and was secured by the provision of the Constitution securing contracts against violations by legislation. In Dikeman vs. Dikeman, 11 Paige, 484, it was held that where lands have been sold for taxes or assessments

during the existence of a law which entitled the purchaser to an absolute deed or to a lease for a limited term, in case the premises were not redeemed within a specified time, it is not competent for the Legislature to extend the time for redemption, and thus to deprive the purchaser of the right to the possession and enjoyment of the premises without providing an adequate compensation to the purchaser for his loss of the use of the premises during such extension, "when," says Chancellor Walworth in this case, "Storms became the purchaser of the premises in question; therefore, if these assessments were valid and the sale regular, his contract with the corporation, under the sanction of the law of the State, entitled him to an absolute lease of the premises at the end of the two years, and to the possession and use of the same, for the full term mentioned in his certificate of sale, in case the owners of the land, or some person for them, should not redeem the same, within two years, as required by the laws then in force. The question then, which arises under the act of the 25th of May, 1841, is whether it was competent for the Legislature to extend the time for redemption, for six months at least, beyond the two years; and thus to deprive the purchaser of the possession and use of the premises for a part of the term which he had purchased therein, without any compensation whatever. It is true the fifth section of the act requires an additional per centage to be paid, in case the owners shall elect to redeem within six

JANUARY TERM, 1892.      95

N. A. H. v. State of Florida, ex rel. J. F. R.—Opinion of Court.

months after the service of notice upon the occupant. But such owners are under no obligations to redeem. And there is nothing in the act requiring them to pay the purchaser the rent of the land, or any interest upon the purchase money, during the time he is kept out of possession, where they neglect or refuse to redeem the premises within the six months. It is perfectly evident, therefore, that the effect of such a law upon the rights of a prior purchaser, who had only purchased a term of one year in the land, would be to deprive him of the half of the value of his purchase, in case the land should not be redeemed at the end of six months. * * * But in deciding upon the constitutionality of a law which is general, and which in its operation may totally destroy the vested rights of other persons. I am not at liberty to declare the law to be constitutional, merely because the injury to one of the parties in the particular case under consideration is comparatively small. For if the law is constitutional in reference to this case, it is also constitutional in reference to the purchase of a term of two or three years only; where the purchaser would probably lose the entire benefit of his purchase, and the whole amount paid for the term, by the expiration of such term before the termination of the chancery suit.''

We do not understand Chancellor Walworth to decide that it would be competent for the Legislature to extend the time for redemption against a purchase made before the passage of the extending law, even if

such law provided just compensation, but that he was merely pronouncing judgment upon the case before him, including that of the absence from the statute of the specified provisions for interest and rental. We fail to perceive the principle upon which the vested right acquired in the property though the contract of purchase could be taken away from one private person and vested in another for his individual use or *private* purposes, even upon terms of the fullest compensation.

In addition to these tax decisions there are others of convincing analogy. In Bronson vs. Kinzie, *supra*, a mortgage contained a power to a creditor to sell on breach of the condition, and thereby pay the debt. This power when given was valid under the laws of the State, and it was held that laws subsequently passed, giving the mortgagor twelve months to redeem the property from the purchaser at such sale, and prohibiting the sale of the property for less than two thirds of its appraised value, so altered the remedy of the creditor as to impair the obligation of the contract, and hence were void as to such mortgage and a sale and a purchase thereunder. See also McCracken vs. Hayward, *supra*. Greenfield vs. Dorris, 1 Sneed, 548, adjudged unconstitutional and void as to sales under prior deeds of trust, a statute which provided that "in all sales of real estate thereafter to be made under execution or deed of trust, which by existing laws is subject to redemption, if the debtor is permitted by the

purchaser or his assignee to remain in possession, he shall not be liable for rent from the date of the sale to the time of redemption ; and if the purchaser or assignee shall take possession under his purchase, upon the redemption by the debtor, he shall be entitled to a credit for the fair rent of the premises during the time they were in possession of the purchaser.'' Carroll vs. Rossiter, 10 Minn., 174, is a case where, in 1858, and where only one year was allowed to a mortgagor to redeem from a mortgage sale, the plaintiff's grantor mortgaged to the defendant, and in 1861, when a mortgagor was by law allowed three years to redeem from such a sale, the mortgage was foreclosed by advertisement. The sheriff who made the sale gave the mortgagee, who was the purchaser, a certificate stating that the purchaser would be entitled to a conveyance in three years from the date of sale. The court held that right of redemption was governed by the law in force when the mortgage was executed, and that the certificate, nor its acceptance, did not affect the rights of the parties. See also Goenen vs. Schroeder, 8 Minn., 387. In Hillebert vs. Porter, 28 Minn., 496, it was held that an act of 1878, so far as it applied to mortgages executed prior to its passage and required to be paid, for redemption from sales under the powers in such mortgages, a greater rate of interest than that required to be paid on such redemption by the laws in force at the time of the execution of such mortgages, impairs their obliga-

tion and is void. It is proper to note here a remark in the opinion of the court in this case as to certain earlier decisions in that State which might be relied on as conflicting with our views: "Stone vs. Bassett, 4 Minn., 215 (298), was upon a sale under a decree in an action to foreclose, and the court held the statute regulating redemptions from sales under decrees in force at the time of the sale controlled the right of redemption. * * * The distinction in respect to rights of redemption between sales under decrees and sales under powers are more fully and clearly made by the opinions in Heyward vs. Judd, 4 Minn., 375 (483). * * The decision was followed—not because it was approved, but upon the rule of *stare decisis*—twice; in Berthold vs. Holman, 12 Minn., 335, and Berthold vs. Fox, 13 Minn., 501. It is impossible that any property rights now depend on that decision, and for that reason we do not hesitate to express our disapproval of it."

In Gault's Appeal, *supra*, which Judge Cooley refers to in his work on taxation, as one sustaining the power of the Legislature to extend, by subsequent legislation, the period of redemption, the passage of the extending act intervened the sale and the execution and acknowledgment of the deed. The sale was made by the sheriff under a *levari facias* issuing out of a court in which the judgment had been entered for a municipal paving claim, and it was held that until the deed was made and delivered by the sheriff the sale—

which was regarded to all intents as a judicial sale—
was liable to be set aside by the court issuing the pro-
cess, and to which it was returnable, and in which the
deed was to be recorded; and that so long as the sale
was *in fieri*, it could not be called a perfected and
complete sale. The court recognizing the rule that
the obligation of no contract shall be impaired,
whether it be for much or little, yet holds, even con-
ceding there was a contract within the meaning of the
Constitution, that the several acts under consideration
constituted a system of remedies for enforcing the tax ·
ation power, and that the Legislature, whose power to
regulate taxation was absolute and exclusive, and ex-
tended to seizing and selling to the highest bidder the
citizen's property without notice to him, could, in the
exercise of this power, and as a part and parcel of
such system, pass the redeeming act as one of the
necessary means to the constitutional end of enforcing
the payment of taxes; that the several statutes were
the legislative mode of attaining that object, and one
of them was as constitutional as the other.

The reasoning of this decision is not satisfactory to
our minds. If it be that the judicial feature of the
statutory system should distinguish from those in
which there is no such feature, then it is only neces-
sary to say that this feature is not a characteristic of
our system.

Our conclusion is that the contract rights acquired
by Greeley under his purchase would be violated by
the extension of the redemption period proposed by

the subsequent statute, and that it is not within the power of the Legislature to thus impair them, either as against Greeley or against his assignee, whether such assignment was made before or after the extending statute. This is not a case in which the State was the purchaser at the tax sale and held the certificate at the time of the enactment of the extending statute, and subsequently transferred it. The rule, or the effect of the statute of 1891, in such a case, or where any govermental agency, as such, holds the certificate at the passage of the statute, is not before us for adjudication. Board of Commissioners vs. Lucas, 93 U. S., 108; Lucas vs. Board of Commissioners, 44 Ind., 524; Essex Public Board vs. Skinner, 140 U. S., 334.

The judgment is affirmed.