THE STATE OF FLORIDA EX REL., FRANK S. LEWIS, TRUSTEE, RELATOR, VS. J. N. BRADSHAW, CLERK OF THE CIRCUIT COURT OF ORANGE COUNTY, RESPONDENT—MANDAMUS.

The tax act of 1891 (Chapter 4011) went into effect August 4th, 1891, sixty days after the final adjournment of the Legislature of that year, and Sections 7 and 8 of said act can not avail a clerk of the Circuit Court as a defense in mandamus proceedings to compel him to execute a tax deed on tax certificates of sales properly issued on the second day of September, 1889, for non-payment of taxes for the year 1888, and which deed was de-

manded on the 18th day of July, 1891. The right to the deed
accrued before the act went into effect; and this would be the
result independent of the conclusion reached in *Hull vs. State
ex rel*, 29 *Fla.* 79, 11 *South. Rep.* 97, as to the effect of the sec-
tions of the act referred to on such tax sales.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the
court.

*Arthur F. Odlin*, for Relator.

*J. N. Bradshaw*, *in pro per.*, for Respondent.

MABRY, C. J.:

This is a case of original jurisdiction here, com-
menced by mandamus in July, 1891. The alternative
writ prays for a writ of mandamus to respondent in his
official capacity as clerk of the Circuit Court of Orange
county, commanding him to issue to relator a tax deed,
upon tender of proper fees, based upon certain tax
certificates issued in September, 1889, by the tax col-
lector of Orange county, and held by relator as as-
signee.

It is alleged that certain described lands, situated in
Orange county, were sold by the tax collector of that
county on the 2nd day of September, 1889, for the non-
payment of the taxes levied and assessed thereon for
the year 1888, and that proper certificates of sale were
issued, on the date of sale mentioned, to one R. H.
Ramsey, who, on the 25th day of January, 1890, as-
signed the same for valuable consideration to relator.
It is further alleged that no part of the lands had ever
been redeemed from said tax sales, and no proof ever
made that any of the lands were not subject to taxa-
tion for the year 1888, or that any of the taxes for said

year had been paid prior to said sale. Also, that relator, on the 18th day of July, A. D. 1891, caused to be prepared a tax deed in due form of law conveying said lands to him, and demanded of respondent that he execute, as clerk of the Circuit Court of Orange county, said deed or deed to be prepared by respondent himself, as it was his duty to do, upon tender of the proper fees then alleged to have been made, and that he refused to do so.

Respondent admits in his answer that he refused to execute the tax deed, and the only defense relied on is, that he did not believe he could legally do so under Sections 7 and 8, of Chapter 4011, laws of Florida, approved June 10th, 1891.

As appears from the foregoing statement, the tax sale certificates were issued in September, 1889, on tax sales made on the 2nd day of that month, and, the lands not having been redeemed, a tax deed was demanded on the certificates on the 18th day of July, 1891.

Relator was clearly entitled to the issuance of the tax deed on the showing made, and the peremptory writ of mandamus must be awarded. The only defense relied on is based upon the seventh and eighth sections of Chapter 4011, acts of 1891. This act did not take effect until the 4th day of August, 1891—sixty days after the final adjournment of the Legislature (Hull vs. Greeley, 31 Fla. 471, 12 South. Rep. 469), and long prior to this time the period for the redemption of the lands under the revenue act of 1887, under which the sale took place, had expired. The issuance of the tax deed had been demanded before the act of 1891 went into operation, and at the time the demand was made that act could have no bearing on the subject. This court has gone further in con-

struing Sections 7 and 8 of the act of 1891 than it is necessary to go here. It was held in the case of Hull vs. State *ex rel.* Rollins, 29 Fla. 79, 11 South. Rep. 97, that the right of a purchaser, other than a State or some governmental agency, acting as such, at a sale of land for taxes under a statute which provides that the purchaser or his assignee shall have a conveyance of the land, unless the land shall be redeemed within one year next succeeding the sale, is a contract right; and a statute, passed subsequent to such sale, which proposes to extend the period allowed by the former act for redeeming the land from the sale, is a violation of the contract, and of no effect as to such purchaser or his assignee. If a sale to a private individual had occurred under the act of 1887 prior to the going into effect of the act of 1891, but the period of redemption provided under the former act had not expired, the Legislature could not extend the time for redemption, as it would be an impairment of contractual rights. In the present case not only had the sale been made under the act of 1887 before the passage of the act of 1891, but the time for redemption under the former act had also expired before the latter act went into effect.

Let the peremptory writ issue. Order to be entered accordingly.