# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

## JUNE TERM, A. D. 1895.

36  1
38  238
39  141

THE STATE OF FLORIDA, EX REL., CHARLES C. WAR-
WICK, TRUSTEE, APPELLANT, VS. J. B. JORDAN,
CLERK, ETC., APPELLEE.

The holder, by proper assignment, of several tax sale certificates
legally issued to the Comptroller at a tax sale of lands in 1889,
under the act of 1887 (Chapter 3681) is entitled, after the expir-
ation of the time provided for the redemption of lands sold for
taxes and the same have not been redeemed, to have the proper
circuit clerk issue to him one tax deed including the various
parcels of lands described in the different certificates.

Appeal from the Circuit Court for Volusia county.

### STATEMENT.

Appellant filed a petition for mandamus in January,
1891, against appellee, as clerk of the Circuit Court of
Volusia county, and therein alleged, substantially, that
on the 8th day of May, 1889, the tax collector of said
county offered for sale, in accordance with law, a large
number of tracts of land situated in said county for
the unpaid taxes thereon, together with interest and
costs as fixed by law, for the year 1888, and there
being no bidder for a large number of said tracts, the
collector, in accordance with law, struck off a large

2 SUPREME COURT.

State ex rel., Warwick, Trus., v. Jordan, Clerk.—Statement of Case.

number of the same to the State of Florida, and issued certain certificates of sale to the State, in the name of the Comptroller. That on the 12th of March, 1890, one R. H. Ramsey applied to the Comptroller for the purchase of one hundred and forty-two of said certificates, and upon payment to the Comptroller of the amount to which the State was legally entitled on the certificates, the Comptroller then duly assigned and transferred to said Ramsey said one hundred and forty-two certificates, all which would fully appear upon an inspection of said certificates, which appellant was willing to produce as the court might desire. That said Ramsey, on the 26th of March, 1890, for value received, assigned and transferred the said one hundred and forty-two certificates to appellant, and that he was the owner and holder of the same. Further, that appellant caused to be prepared a tax deed in legal form embracing the lands described in said tax certificates, to which he was and is entitled to have a tax deed, and on the 16th day of January, 1891, before the filing of the petition, through his attorney, (he) exhibited said deed to appellee and requested him, as said clerk, to execute the same, at the same time presenting to him said tax certificates, and tendering to him one dollar and fifty cents legal money of the United States, the amount fixed by law for executing said deed, and to pay for the acknowledgment thereof. That none of the lands described in said tax deed have been redeemed according to law from said tax sale, the time provided by law for the redemption of said lands had expired, and it had not been shown that the taxes for the year 1888 had been paid before the sale. That appellee then and there refused to accept the money tendered him, and refused to execute said tax deed, or himself to prepare a proper tax deed conveying the

JUNE TERM, 1895.          3

State ex rel., Warwick, Trus., v. Jordan, Clerk.--Statement of Case.

lands described in said tax certificates to the appellant, unless he would pay to him (appellee) the sum of one hundred dollars, which was grossly in excess of his legal fees. It was also alleged that the said tax deed prepared as aforesaid was correct and legal in every respect, and a proper deed for appellee to execute, and that appellant was entitled to have the same, or a similar deed, executed by appellee; that the said deed was in possession of appellant's attorney, and the same would be produced as the court should direct, and appellant stood ready to pay to appellee the money tendered him for executing and acknowledging said deed.

The prayer is for the issuance of an alternative writ of mandamus in accordance with the allegations of the petition.

The record shows that the case was disposed of on demurrer of appellee to the petition. The grounds of demurrer are: 1. That the allegations of the petition do not show any duty or obligation on the part of appellee to make and execute to appellant the deed therein set forth. 2. The act of the Legislature under which appellant demands the execution of said deed does not require or authorize appellee to execute said deed. 3. Because the legal fees of appellee, as clerk, as provided by law for issuing tax deeds upon the certificates set out in the petition, was $142 for the execution of said deeds, and the further sum of $71 for the certificates of acknowledgment of same, and appellant offered to pay, and tendered, only the sum of one dollar and fifty cents. 4. Because it appears by the petition that the lands for which appellant demanded a deed were not the lands of one person, but were the lands of divers persons, and had been sold for the nonpayment of taxes as the lands of divers persons. This

demurrer was sustained and final judgment rendered in favor of appellee, from which an appeal was taken.

*Arthur F. Odlin, Hamlin & Stewart,* for Appellant.

No Appearance for Appellee.

MABRY, C. J.:

The alternative writ in mandamus proceedings occupies the place of a declaration in an ordinary legal suit, and when that writ has issued, the issues of law or fact are made thereon. In the present case the demurrer was to the petition, but as it appears that it was considered in the trial court in the nature of an alternative writ we will so treat it here.

The right to the tax deed demanded by appellant arises under Chapter 3681, laws of 1887—the statute under which the tax sales here involved were made. After the issuance of tax sale certificates, as provided for in this act, it is provided in the fifty-seventh section that "on the presentation of such certificate or certificates of sale to the clerk of the Circuit Court or his deputy, after the expiration of time provided by law in this act for the redemption of lands sold as aforesaid, unless the same have been redeemed, he shall execute to the purchaser, or his heirs or assigns, a deed of the land therein described, unless it shall be shown that the taxes for that year had been paid before the sale, which deed shall be *prima facie* evidence of the regularity of the proceedings from the valuation of the land by the assessors to the date of the deed, inclusive, and the consideration expressed in the deed may be the same as is expressed in the certificate of sale, together with the taxes, costs and interest required by law,

which deed shall be substantially in the following form:" The form of the deed is then given. Considering the petition as showing appellant to be the assignee of one hundred and forty-two tax certificates issued in accordance with law to the Comptroller in 1889 on tax sales for the nonpayment of taxes assessed against the lands therein described for the year 1888, and that the time for the redemption of the lands from such sales expired without such redemption having been made, the controlling question presented is, whether the appellant is entitled to have appellee, as clerk of the Circuit Court, execute one tax deed including all the lands described in the several certificates mentioned. Where the statute under which a tax sale is made expressly directs or authorizes the deed to include lands embraced in one or more different certificates of sale, there can be no question as to the right of the holder of several certificates, otherwise entitled to a deed thereon, to have the lands therein described included in one deed with proper recitals as to the sale of each tract.

The decisions cited by counsel for appellant are based upon statutes expressly providing that the tax deed may include separate and disconnected tracts of land, and if the statute of 1887 authorizes such a deed as is contended for here, appellant's contention should be sustained. Objection was made to a tax deed on the ground that it purported to convey several parcels of land, in the case of Waddingham vs. Dickson, 17 Col. 223, 29 Pac. Rep. 177, and the court said: "It is a sufficient answer to the third objection made to this deed, to say there is nothing in our statute which requires separate deeds for each piece of property sold, where the purchaser of the several tracts is the same person. In the absence of a statute to the contrary,

the common law rule must prevail. This certainly sanctions the conveyance in the same deed of any number of separate parcels of land." According to this authority, it would seem that if the statute under which the sale is made is silent as to including separate and distinct tracts of land purchased by the same person in one deed, it may be done. Tax sale proceedings rest entirely upon statutory authority, and the statute authorizing the sale must be looked to in determining the sufficiency of the deed or what it shall include.

Before stating our conclusion on the question presented, a brief reference will be made to tax acts prior to the one passed in 1887. The act passed in 1869 (Chapter 1713) provided for a sale of lands delinquent for taxes by the county treasurers of the counties, and a purchaser at a tax sale received a certificate, similar to the one provided for in the act of 1887, reciting that the purchaser, or his assignees, would be entitled to a deed of the land sold in accordance with law unless the same shall be redeemed, with the interest provided. A certificate issued for each parcel of land assessed and sold, and it could be transferred or assigned by the person to whom it was issued writing his name on the back thereof. If there were no bidders for the lands offered for sale, the whole trust was bid off for the use of the county. On the presentation of such certificate or certificates of sale to the county clerk, after the expiration of time provided by law for the redemption of lands sold, he was directed to execute to the purchaser, or his heirs and assigns, a deed of the land therein described, unless he should discover that the same was improperly sold. There was no form of deed prescribed by this act, but it was expressly provided therein that the deed to be made by

the clerk might include lands which were described in one or more certificates. His compensation for executing the deed was one dollar for every deed issued, and ten cents for each and every additional description of land conveyed. The act of 1872 (Chapter 1887) provided that the collector of revenue should sell the tax delinquent lands, and the certificate of sale issued by him to the purchaser was the same as that provided in the former act of 1869 to be issued by the treasurer. If there were no bids for the lands offered for sale, the whole of each tract was bid off for the use of the county. There was no provision in this act for the State to become the purchaser or holder of the tax sale certificates. On the presentation of the certificate or certificates to the county clerk, after the expiration of the time provided by law for the redemption of lands sold for taxes, unless the same had been redeemed, he was required to execute to the purchaser, or his heirs or assigns, a deed to the land therein described, unless he discovered that the same had been improperly sold. This act prescribed a form of tax deed which, after reciting a public sale of lands by the collector of revenue, at a time and place designated, for the nonpayment of taxes levied and assessed thereon for a given year, and which remained unpaid on the day of sale, together with the costs and charges due thereon, further noticed that "the following described piece or parcel (pieces or parcels) was (or were) sold to ———, who was the best bidder therefor, for the sum of———, (or if more than one tract or parcel was sold to such purchaser, then for the following mentioned sums, to-wit: describing each tract purchased separately, and state the sum for each was sold, and if a part of any parcel or lot shall be sold for the taxes on the whole of such parcel or lot, then

describe also the whole of the lot or parcel for the tax upon which such part thereof was sold) ——— dollars and ——— cents, which sum (or if more than one lot or parcel was purchased, which several sums) was the whole amount of taxes due and unpaid on said tract (or several tracts) of land for the year aforesaid, together with the interest and costs due thereon and the charges of such sale, and has been paid by the said ——— to the said A. B., collector of revenue aforesaid. Now, therefore, know all men by these presents, that the State of Florida, in consideration of the sum of money aforesaid and the premises, and in conformity with law, hath and doth hereby give, grant and convey the tract (or several tracts) of lands above described, together with the hereditaments and appurtenances, to the said ——— and to his heirs and assigns to their sole use and benefit forever," with attestation clause following. The clerk's compensation under this act was one dollar for each deed issued, and ten cents for each description of land conveyed. The act of 1874 (Chapter 1976) provided that in case there were no bidders for the lands offered for sale by the collector, the whole of each tract should be bid off by the collector for the State, and that any person might purchase any such tax certificate held by the State from the Comptroller by paying the amount of such certificate with accrued interest at 50 *per cent. per annum*, and the endorsement of the certificate by the Comptroller in his name of office should be sufficient evidence of the transfer and assignment thereof, provided the purchaser should buy all the certificates held by the State, city or town, upon the same property, with further provision in case a deed had been made to the State, city or town. After the expiration of the time provided by law for the redemption of the land from taxes

when the same was not redeemed on presentation of such certificate or certificates of sale, the clerk was directed to execute to the purchaser a deed, and under this act the State was entitled to a deed as well as individual purchasers. The forms of the certificate of sale issued by the collector, and of the deed executed by the clerk, were the same as prescribed by the act of 1872, and the clerk's fees were the same as provided by that act. The only changes made by the act of 1879 (Chapter 3099) in reference to the sale proceedings were, that when lands were bid off in the name of the Comptroller for the State, and the time for redemption expired, the title became vested in the State without a deed, and the certificate was made evidence of the State's title, and also the clerk's fee for issuing the deed was fixed at one dollar. The act of 1881 (Chapter 3219) provided for the purchase of lands by the State in the absence of bidders, and continued the same form of certificate and deed. Under this act it was provided that one year from the date of sale any person might purchase any tax certificate held by the State from the Comptroller. The clerk's fee for issuing the deed was one dollar. By Chapter 3413, acts of 1883, an addition was made to the form of the deed prescribed by the former acts, to the following effect: "(or if given on a certificate purchased from the Comptroller; and whereas C. F. has purchased the right, title and interest of the State of Florida in and to said lands, acquired by reason of such tax sale, by paying therefor the sum of ——— dollars to the Comptroller of said State." One dollar was prescribed as a fee for executing the deed under this act. The act of 1887 prescribed the same form of tax deed as is found in the act of 1883, and gave the clerk one dollar for issuing each deed. In the absence of bidders, each whole

tract was bid off for the State, and any person could purchase any such tax certificate held by the State from the Comptroller by paying the amount of such certificate, with twenty-five *per cent.* additional; and the endorsement of such certificate by the Comptroller in his name of office was sufficient evidence of the transfer and assignment. The provision in reference to issuing tax deeds on the certificates of sale is found in the section of the act quoted in the first part of this opinion. After the expiration of the time provided for the redemption of lands sold for taxes, unless the same was redeemed, the clerk or his deputy, upon presentation of such certificate or certificates, was required to execute to the purchaser, or his heirs or assigns, a deed to the lands therein described, unless it should be shown that the taxes for the year had been paid before the sale. The form of the deed clearly shows that pieces or parcels of land, as well as a piece or parcel, when purchased by a private person, could be included therein. A parcel of land, or parcel of real property, means, under the act, a contiguous quantity of land in possession of, or owned by, or recorded as the property of the same claimant, person or company, and each parcel is required to be assessed by its proper description for the taxes due thereon according to its value, and in case of delinquency each parcel had to be advertised and sold as assessed. It clearly appears from the form of the deed that in case of a purchase by a private person, any number of separate pieces or parcels may be included in the deed when executed to the purchaser as the holder of separate tax certificates, and when the form of the deed is prescribed by statute, such form becomes substance and indicates the legislative will as to the way in which the deed should be executed, as much as if directly commanded. Black.

on Tax Titles, sec. 395; Brown vs. Castellaw, 33 Fla. 204, 14 South. Rep. 822. The statute of 1887 directs that the deed shall be substantially in the form given, but still the form indicates what may be included therein in a proper case.

We conclude that the holder by transfer and assign-- ment of separate certificates from the Comptroller stands· in the same right as to having the tax deed executed as a private person. As we have stated, the statute· in force prior to the one in which the form was pre- scribed expressly directed that the deed may include the lands described in one or more certificates, and we see no room to doubt that the same could be done un- der the act of 1872, prescribing the form of deed to be· executed. It is true that under that statute the State did not become a purchaser, and there was no provis- ion for her to acquire or assign tax certificates, but the same form of deed was retained under the system per- mitting the State to purchase lands at tax sales and assign the certificates. The form of deed, as above· stated, was changed so as to expressly include the assignee from the Comptroller, and although the sin- gular number is used in referring to the certificate in such case, this does not, in our judgment, alter the· manifest purpose of the statute to put all purchasers on an equal basis in acquiring deeds on tax certificates. We discover no grounds of public policy or necessity requiring or indicating that a different construction should be given to the statute.

The appellant made out, by the allegations of the petition, which alone we must look to on demurrer, a clear *prima facie* right to have appellee, as clerk, ex- ecute one tax deed including the lands in the separate certificates held by him, and the court should not have· sustained the demurrer.

The decision of the Circuit Court sustaining the demurrer is reversed, and the case remanded for further proceedings in accordance with law. Order to be entered accordingly.