E. E. ROPES, PLAINTIFF IN ERROR, VS. DAVID KEMPS, DEFENDANT IN ERROR.

1. The exemplification of the record of a patent, recorded in the general land office, under the hand of the commissioner and the seal of the general land office, is evidence in the courts of this State of the facts therein contained.

2. Papers copied into the transcript in an action at law, but not incorporated into the bill of exceptions by being set out therein or by proper reference, can not be considered as any part of the evidence introduced in the trial of the case.

3. When the Legislature prescribes a form for a tax deed, it becomes substance, and an essential deviation therefrom will render the deed void.

4. The act of 1883 (Chapter 3413) authorized the transfer and assignment of the tax certificate issued to the State on the sale of land for non-payment of taxes, and directed the execution of a deed thereon to the assignee when entitled to the same under the provisions of the act, and a tax deed based on such a

certificate to a third party without any recital in the deed that such party had become the assignee by purchase from the State, is void.

Writ of Error to the Circuit Court for Volusia county.

The facts in the case are stated in the opinion.

*E. E. Ropes, in pro per* for Plaintiff in Error.

*A. W. Cockrell & Son,* for Defendant in Error.

MABRY, C. J.:

The defendant in error recovered a judgment in an action of ejectment against plaintiff in error for the possession of Lots one (1) and four (4), section 11, township 15, S. of range 27 E., situated in Volusia county. To maintain the action plaintiff below offered in evidence a certified copy of a patent from the United States to him bearing date February 13th, 1884, and describing the land mentioned in the declaration. The copy was certified to by the acting Commissioner of the General Land Office as being a true and literal exemplification from the record in his office, and was under his hand and seal of office. An objection was made to the introduction of the copy in evidence on the ground that it was a copy, and not the original. Plaintiff's attorney then testified that the original patent was in his office on a date mentioned prior to the trial, and that his office and the patent were then destroyed by fire, and that the copy offered in evidence was a substantial copy of the original patent, with which he was very familiar. The court overruled the objection and admitted the copy in evidence, to which ruling the defendant below excepted.

To maintain his defense the said defendant was sworn, and testified that he had been in possession and occupied the land in question for twenty-five years, and that the plaintiff below had not been in possession since 1884. The said defendant then offered to read in evidence the record of a tax sale deed to the land from the State of Florida to himself, and recorded in the public records of Volusia county in a book of record of tax deeds. This was objected to because it appeared that the tax deed had not been acknowledged or proven for record. The defendant then stated that he had the original tax deed at his home, but he had neglected to bring it with him. Thereupon plaintiff agreed to admit that the original as set forth in the record was before the court, and that one of the subscribing witnesses was present in court and testified to its formal execution. An objection was then made by plaintiff to the admission in evidence of the original tax deed on the grounds that it appeared to be based upon an assessment to David Kemps, and not either to the owner, an occupant, or unknown; and that the tax deed was not *prima facie* evidence of the listing or other essential proceedings preceding the valuation. The court excluded the deed and defendant excepted. Defendant further offered in evidence a letter to him from the acting Commissioner of the General Land Office, bearing date March 27th, 1891, after the commencement of the suit. This letter states that the files and records of the General Land Office showed that David Kemps had entered the land in question under the provisions of the homestead laws on August 1st, 1870, and a noting on the Receiver's receipt says: "Cancelled May 9th, 1879, abandoned, changed to cash, No. 3881, Nov. 1882, act of June 15th, 1880." That a

patent founded on cash entry 3881 was issued February 13th, 1884, and certified copies from the record of the patent and Receiver's receipt would be furnished upon the receipt of certain fees mentioned. The letter was signed by ·W. M. Stone, acting Commissioner. The admission of this letter in evidence was objected to and the court excluded it, to which ruling an exception was noted.· The parties offering nothing further material in the way of evidence, the court instructed the jury to find a verdict for plaintiff, which they did.

There was no error in the ruling of the court admitting the certified copy of the patent in evidence. The exemplification of the record of a patent, recorded in the General Land Office, under the hand of the Commissioner and the seal of the General Land Office is evidence in the courts of this State of the facts therein stated. Liddon vs. Hodnett, 22 Fla. 442.

In reference to the tax deed excluded by the court the bill of exceptions states that defendant "offered in evidence and read the record of a tax sale deed for said lands from the State of Florida to said defendant, recorded on pages 275 and 276, of book A of the records of tax sale deeds of said county of Volusia, in the words and figures following, to-wit: See exhibit B." It was admitted that the original deed, the same as set forth by the record, was before the court, and one of the subscribing witnesses then testified to its formal execution. There is copied into the transcript, and marked "exhibit B," a tax deed to the land executed by the Clerk· of the Circuit Court of· Volusia county to E. E. Ropes, and bearing date August 6th, 1885. This deed was executed under the act of 1883, Chapter 3413, and recites a sale of the land by the col-

lector of revenue of Volusia county on the 5th of May, 1884, for the non-payment of taxes levied and assessed thereon for the year 1883, which remained unpaid on the day of sale, together with the costs and charges due therewith, to the State of Florida, the best bidder therefor, for the sum of $22.25, which was the whole amount of taxes due and unpaid on the land for 1883, together with the interest and costs due thereon, and the charges of such sale, and which had been paid by the State to said collector of revenues. Following this recital in the deed, and in brackets, are the words "for transfer of tax certificate see other side." The deed then following the form prescribed in the statute conveys the land to E. E. Ropes, and to his heirs and assigns, to their sole use and benefit forever, and is executed by the clerk in the presence of two witnesses, but not acknowledged or proven for record. The words "recorded August 6th, 1885," appear over the signature of the clerk. Nothing further appears as a part of the tax deed itself, marked "exhibit B," in reference to the transfer of the tax certificate. There is found in the transcript, but not in the bill of exceptions, a copy of the tax sale certificate to the State, and also a transfer of the certificate by the State to E. E. Ropes, but these papers are not referred to in the deed as exhibits thereto, nor are they identified in any way as being a part of the bill of exceptions. Their location in the transcript is not such as that they can be considered a part of the tax deed by reference under the terms "for transfer of tax certificate see other side." They precede in the transcript the copy of the tax deed, and the latter alone is marked "exhibit B." Conceding that under the practice before the adoption of the new rules the tax deed, though not copied

into the bill of exceptions, may become incorporated therein by reference to it as "exhibit B," it is evident that we can not consider anything in reference to said deed but what is shown by the exhibit mentioned. Regarding "exhibit B" as correctly representing the original tax deed which the court excluded from the jury, we are of the opinion that there was no error in the ruling. The act of 1883, Chapter 3413, authorizes the transfer and assignment of the tax certificate issued to the State, and directs the execution of a deed thereon to the assignee when entitled to the same under the provisions of the act. The act prescribes a form of deed to be executed, and in the case of a deed on a certificate purchased from the State, the recital prescribed is: "And whereas, C. F. has purchased the right, title and interest of the State of Florida in and to said lands, acquired by reason of such tax sale, by paying therefor the sum of —————— dollars to the Comptroller of said State." When the Legislature prescribes a form for the tax deed, it becomes substance and essentiality, and an essential deviation from it will avoid the deed. Black on Tax Titles, sec. 395; State *ex rel.* vs. Jordan, 36 Fla. 1; 17 South. Rep. 742. The tax deed as shown by "exhibit B," does not recite that E. E. Ropes, the grantee named therein, purchased the right, title and interest of the State of Florida in and to said lands acquired by reason of such tax sale, by paying therefor the requisite sum of money to the Comptroller of the State, and there is no proper showing furnished by the said deed that Ropes was entitled to obtain the same. It appearing that the State had acquired the tax certificate for the land, it was essential that the deed itself show that the grantee, other than the State, had acquired, by proper transfer,

the interest of the State in the certificate, and failing to properly show this, the deed was void and not evidence of the regularity of anything. .Florida Savings Bank vs. Brittain, 20 Fla. 507. The tax deed being out of the case, the direction of the court to find for the plaintiff was proper, as there was no evidence upon which a contrary verdict could have been rendered. The facts attempted to be shown by the letter from the Commissioner of the General Land Office are wholly immaterial in this case in the absence of the tax deed, and no reference need be made to the manner in which they were attempted to be proven.

The testimony entirely fails to show any adverse possession of the land on the part of plaintiff in error. It is true he says that he had possession and occupied the land for twenty-five years, but the possession necessary to confer title under an adverse holding must be actual, continuous and adverse to the legal title for the full statutory period. Barrs vs. Brace, decided at this term. If it be true that defendant in error commuted the homestead entry to a cash one in November, 1882, there is no showing that plaintiff in error, since that time, has held possession of the land adversely to the true owner. An admission of the facts stated in the letter would not have relieved the plaintiff in error.

Without the tax deed, and it duly recorded, there is no support, it is evident, for the further contention made in the brief that the suit was barred by the limitation of three years prescribed in section 61 of Chapter 3413, laws of Florida 1883.

We have, in what is said, disposed of every assignment of error having any basis of support whatever in the record, and in conclusion it is only necessary to

say that the recitals in a motion for a new trial do not, of themselves, furnish evidence of the matters and things recited.

An order affirming the judgment will be entered.