# JANUARY TERM, 1897.    137

State ex rel. Stieff v. Bradshaw, Clerk.—Syllabus.

THE STATE OF FLORIDA EX REL. GEORGE W. STIEFF, APPELLANT, VS. J. N. BRADSHAW, AS CLERK OF THE CIRCUIT COURT OF ORANGE COUNTY, FLORIDA, APPELLEE.

1. Mandamus lies against clerks of the Circuit Courts to enforce the execution of tax deeds upon tax certificates presented after the period of redemption has expired; the holders thereof having complied with all conditions entitling them to such deeds.

2. The tax collector of the city of Orlando had power to sell lands for non-payment of taxes duly assessed thereon by said city for the year 1889, and to issue certificates to the purchasers at such sale; and an assignee of such certificates can by mandamus compel the clerk of the Circuit Court of Orange county to issue a tax deed upon such certificates after the period of redemption has expired and the applicant has complied with all conditions entitling him to such deed.

3. Sections 7 and 8 of chapter 4011, acts of 1891, are invalid as impairing the obligation of the contract when applied to tax

certificates originally issued to a governmental agency, but which at the time said act took effect had been for a valuable consideration legally assigned to, and which were then owned by a private individual.

Appeal from the Circuit Court for Orange county.

### STATEMENT.

On August 10, 1891, relator filed in the Circuit Court of Orange county his petition for mandamus, wherein it was alleged that on August 4, 1890, one S. S. Puckett, as tax collector of the city of Orlando, in Orange county, offered certain real estate for sale according to law in said city for the non-payment of taxes assessed against the same for the year 1889, together with the costs and charges due therewith, which taxes were then and there due said city of Orlando; that the sale had been advertised according to the statutes of Florida and the ordinances of the city; that at such sale the city of Orlando became the purchaser, there being no other bidder therefor, and the city, for the sum of $48.80, received a certificate of sale numbered 83; that on August 2, 1891, relator purchased from said city the said tax certificate by paying to the city clerk $61, and the city clerk then and there, under the seal of the city, transferred and assigned the certificate to relator; that on August 7, 1891, relator, by his attorney, presented to respondent at his office in the court house in Orlando the tax certificate aforesaid and requested him to execute to relator a tax deed to the land described in the certificate, at the same time tendering him $1.50 in lawful money as the legal fees for executing the deed and taking respondent's acknowledgment to same when executed; that there was no proof before respondent that the land embraced in

the certificate was not subject to the tax for which it had been sold, nor that it had been redeemed from the sale; nor did respondent give any valid reason for not accepting the money tendered and executing the deed demanded, but he did refuse to accept the money or to execute the deed; that the relator was still the owner and holder of the tax certificate; that it was then in his possession, ready to be produced upon direction of the court; that it was and is the legal duty of respondent to execute a tax deed to relator upon said tax certificate as of August 7, 1891; that no one except respondent could legally execute the deed, and relator was without remedy except by mandamus. The prayer of the petition was for a writ of mandamus directed to respondent in his official capacity, commanding him forthwith to execute as of August 7, 1891, and deliver to relator a tax deed in due form of law, conveying the land described in the certificate upon presentation of the certificate and payment of the sum of $1.50 for fees as aforesaid, or to show cause on a day named why he had not done so. The tax certificate and assignment thereof referred to in the petition and made a part thereof were in the following language:

STATE OF FLORIDA, ⎫
COUNTY OF ORANGE, ⎬ ss.
CITY OF ORLANDO. ⎭

No. 83.

Office of the City Tax Collector.

I, S. S. Puckett, collector of taxes of the city of Orlando, in the State of Florida, do hereby certify that I did, at public auction, pursuent to notice given by law as required, on this 4th day of August. A. D. 1890, sell to city of Orlando the lands herein described,

for the sum of forty-eight dollars and eighty cents, said sum being the amount due and unpaid for taxes, costs and charges on the described lands, for the year of our Lord one thousand eight hundred and eighty-nine. That city of Orlando or his assigns will therefore be entitled to a deed of conveyance of such lands in accordance with law, unless the same shall be redeemed within one year by payment of said amount, with interest at the rate of twenty-five per cent. per annum. Said lands are described as follows, to-wit: Lots 5 and 6 T. W. Shine's subdivision E., part Lot 1 Block 37 Reid's add. to Orlando, in the county of Orange; and assessed at four thousand dollars and —— cents.

Witness my hand at Orlando this 4th day of Aug., 1890.

S. S. PUCKET,

(J. S. LEWIS.)      Tax Collector of the City of Orlando.
Certificate No. 83.
Sale of August 4th, 1890.

Assigned to G. W. Stieff on payment made in the sum of forty-eight & 80-100 dollars, together with interest in the sum of twelve & 20-100 dollars.

Witness my hand and seal of city this 2d August, 1891.

JAMES K. DUKE,
City Clerk.

(Seal of City of Orlando.)

On August 10, 1891, the Circuit Judge endorsed the petition; "Let alternative writ issue as prayed for." On August 11, 1891, respondent endorsed the petition: "I hereby waive the issue and service of an alternative writ of mandamus, and consent that this petition shall stand as such alternative writ; and I agree to file an-

swer thereto August 13, 1891, J. N. Bradshaw, Clerk."
On August 12, 1891, respondent moved to "quash the
petition, which, by agreement of the parties, stands
as an alternative writ of mandamus, because the facts
therein stated are insufficient in law to entitle the re-
lator to the relief prayed therein."   On August 17,
1891, the court made an order that the petition was
insufficient, and rendered judgment quashing the pe-
tition and discharging respondent without day, from
which judgment this appeal was taken on August 18,
1891.

The other facts in the case are stated in the opinion
of the court.

*Arthur F. Odlin*, for Appellant.

No appearance for Appellee.

CARTER, J.:

This court has more than once recognized the pro-
priety of enforcing by mandamus the execution of tax
deeds by clerks of the Circuit Courts upon tax certi-
ficates presented after the period of redemption has
expired, the holders thereof having complied with all
conditions entitling them to such deeds.   State *ex rel.*
Warwick vs. Jordan, 36 Fla. 1, 17 South. Rep. 742;
State *ex rel.* Lewis vs. Bradshaw 35 Fla. 313, 17 South.
Rep. 642; Hull vs. State *ex rel.* Rollins, 29 Fla. 79; 11
South. Rep. 97.   And there can be no doubt that
mandamus is the proper remedy in such cases.   2
Blackwell on Taxation, sec. 734; Black on Tax Titles,
sec. 388.

Respondent, though represented by an array of em-
inent counsel in the court below, has not seen fit to

favor us with a brief in this court, pointing out wherein the "facts" stated in the petition "are insufficient in law to entitle relator to the relief prayed." Relator's counsel suggest that the court below acted upon the assumption that the period of redemption prescribed by sections 7 and 8 of chapter 4011, acts of 1891, applied to the certificate in this case. These sections attempted to give the owners of lands sold for taxes upon which tax certificates were then outstanding the right to redeem at any time within two years from the passage of this act, and forbade the issuance of tax deeds upon certificates then outstanding for two years. This act took effect August 4, 1891. Hull vs. Greeley, 31 Fla. 471, 12 South. Rep. 469; State *ex rel.* Lewis vs. Bradshaw, 35 Fla. 313, 17 South. Rep. 642. The case of Hull vs. State *ex rel.* Rollins, 29 Fla. 79, 11 South. Rep. 97, was in many respects similar to the present one. The holder of a tax certificate dated August 5, 1890, based upon an assessment and sale made and had under chapter 3681, acts of 1887, made application to the proper clerk of the Circuit Clerk for a deed after chapter 4011 had taken effect. This application being refused, the remedy by mandamus was sought to compel the execution of the deed, and the Circuit Court having granted the peremptory writ, a writ of error was taken to this court. It was there held that the right of a purchaser, other than a State or other governmental agency, at a sale of land for taxes under a statute which provides that the purchaser or his assignee shall have a conveyance of the land unless the land shall be redeemed within one year next succeeding the sale, was a contract right; and that a statute passed subsequent to the sale proposing to extend the period allowed by the former act for redemption was

JANUARY TERM, 1897.        143

State ex rel. Stieff v. Bradshaw, Clerk.—Opinion of Court.

a violation of the contract, and of no effect as to such purchaser or his assignee. In State *ex rel.* Lewis vs. Bradshaw, 35 Fla. 313, 17 South. Rep. 642, it was held that sections 7 and 8 of chapter 4011 could not avail a clerk of a Circuit Court as a defense in a mandamus proceeding to compel him to execute a tax deed on certificates properly issued, and upon which the right to a deed had accrued and the deed demanded before chapter 4011 went into effect. In the present case the tax sale was made and certificate issued August 4, 1890, and the time for redemption—one year—expired with the 3d day of August. 1891, and chapter 4011 went into effect the next day, August 4, 1891. The assignment of the certificate was made to relator August 2, 1891, and consequently the relator was the owner of an outstanding certificate upon which the period of redemption had expired before chapter 4011 went into effect, and under the decisions cited he was entitled to a deed, notwithstanding the passage of chapter 4011. Nor is this conclusion affected by the fact that the certificate was based upon a sale for city taxes by the tax collector of the city of Orlando. This city was "a legally incorporated city, with all the powers incident thereto under the laws of Florida."— Chapter 3628, acts 1885. By section 10, chapter 3786, "all sales for taxes made for the non-payment of taxes in the city of Orlando shall be made in the same manner, and shall be of the same force and effect, as the sales made under the general revenue laws of the State of Florida;" and by section 53 of the general revenue act of 1887, chapter 3681, which was in force when the assessment and sale were made in this case, and until August 4, 1891 (Hull vs. Greeley, 31 Fla. 471, 12 South. Rep. 469), "the tax collector of any city or in-

corporated town shall proceed substantially in the same
manner in the collection of taxes and sale of lands for
non-payment of taxes as State tax collectors." Sec-
tion 54 of this act authorizes certain designated per-
sons to redeem lands sold by a city tax collector by
making application to him; and by sections 58 and 59
the clerk of the Circuit Court is required to make the
deed for all lands sold for non-payment of taxes
by any city or town, not redeemed, substantially in
the same form as provided in section 57, but such deed
must be issued in the name of the city or town. By
section 57 the form of tax deed is prescribed, and it is
therein provided that on presentation of the certificate
of sale to the Clerk of the Circuit Court or his deputy,
after the expiration of the time "provided by law in
this act" for the redemption of lands sold, unless the
same shall have been redeemed, he shall execute to
the purchaser or his heirs or assigns a deed of the
land therein described, unless it shall be shown that
the taxes for that year had been paid before the sale.
From these references it is clear that the tax collector
of the city of Orlando had power to sell lands for city
taxes and issue certificates of purchase, and that it
was the duty of the Clerk of the Circuit Court to ex-
ecute deeds upon such certificates after the expiration
of the period for redemption. In the case of Hull vs.
State *ex rel.* Rollins, 29 Fla. 79, 11 South. Rep. 97,
the court expressly decline to announce what effect
the passage of Chap. 4011 would have upon outstand-
ing certificates in the hands of the State or other gov-
ernmental agency at the time of the passage of the
statute, and that case is not now before us for decision,
for even if the city of Orlando be regarded as a gov-
ernmental agency, it had parted with this certificate

for a valuable consideration, by transferring same to complainant on the 2d day of August, 1891, two days prior to the taking effect of Chapter 4011—and the relator being the owner of the certificate at and prior to the time when said Chap. 4011 took effect, could not be affected by it, as it would impair the obligation of his contract. State *ex rel.* Davenport vs. McDonald, 26 Minn. 145.

The Circuit Court erred in quashing the petition, and its judgment is reversed and the cause remanded for further proceedings in accordance with law and this opinion.